# CASES

# SUPREME JUDICIAL COURT

IN THE

COUNTY OF OXFORD, MAY TERM, 1839.

---

## BENNETT PIKE *vs.* JOHN WARREN, *& al.*[*]

A new promise, made by one of two joint promisors, will take the case out of the statute of limitations against both.

If a Judge of the Court of Common Pleas decline to decide a question of law, and leave it to the jury for their decision, and they decide it rightly, exceptions will not be sustained.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

Assumpsit on an instrument in writing, witnessed by a subscribing witness, promising to pay the plaintiff $38, or put up a barn frame for him, dated *January* 1, 1824, and signed by the defendants, *Warren* and *Durgin*, and by one *Allen*, since deceased. *Durgin* was defaulted, and there was a brief statement put in by *Warren*, denying that the promise was made, or that the cause of action accrued, within six years next before the commencement of the suit. The plaintiff proved, that he presented the instrument to *Durgin*, one of the defendants, in the fall of 1833, and that *Durgin* said, that "the note was justly due, and he would pay it."

---

[*] SHEPLEY J. did not sit in this case, not having been a member of the Court at *May Term*, 1836, when the argument was had. The opinion was delivered at the *Jury Term* in *Oxford* in 1838, as the Reporter has been informed; but it did not reach his hands until after the *Oxford* cases in the last volume were printed.

Pike v. Warren.

There was no other evidence offered to prove a new promise. *Durgin* was solvent until 1828, but since has been without property. The counsel for the defendants requested the Judge to instruct the jury, that the note offered in evidence was not a note in writing for the payment of money, and not within the tenth section of the statute of limitations; and that the promise of *Durgin,* made more than six years after the cause of action accrued, was not sufficient to revive the note or contract against *Warren;* and also, that if they believed, that *Warren* signed the note as surety, although it did not so appear on the note, he is discharged by lapse of time. But the Judge declined to give the instructions, "and left it to them to determine, whether the note or contract was or was not within the said tenth section of the act aforesaid, and whether the new promise of said *Durgin* proved as aforesaid was or was not sufficient to revive said note or contract against said *Warren.*" The jury found for the plaintiff; and on inquiry by the Court, answered that they found *Warren* a principal, and not a surety. The counsel for the defendants filed exceptions.

*Howard,* for the defendants.

1. The note was not negotiable; was not a note for the payment of money; and not within the exception made in the tenth section of the *stat.* 1821, *c.* 62. The instruction on this point ought to have been given. 2 *Ld. Raym.* 1362; *Chitty on Bills,* 55, 430; *Gilman* v. *Wells,* 7 *Greenl.* 25. The finding of the jury was on the supposition, that this did come within the exception of the statute, as a witnessed note.

2. The admission of one joint maker of a note does not take the case out of the statute of limitations as to the other maker. *Whitcomb* v. *Whiting, Doug.* 652; *Atkins* v. *Tredgold,* 2 *B. & Cress.* 23; 3 *Kent's Com.* 50; *Hackley* v. *Patrick,* 3 *Johns. R.* 536; *Walden* v. *Sherburne,* 15 *Johns. R.* 409; 17 *Sergt. & R.* 126; 1 *Penns. Rep.* 135; *Ball* v. *Morrison,* 1 *Peters,* 351; *Exeter Bank* v. *Sullivan,* 6 *N. H. Rep.* 124; *Cambridge* v. *Hobart,* 10 *Pick.* 232; 1 *Marshall,* 189. The facts in this case give the reason for the principle. The party whose new promise is relied on was wholly insolvent; and ought not to be permitted to create a liability against the solvent maker, which did not exist by any act of his. 2 *Stark. Ev.* 898. That the principles embraced

in the requests for instruction were for the decision of the Court; and not the jury, is too clear to need the citation of authorities.

*Jameson*, for the plaintiff.

1. If the jury rightly decided the questions of law, erroneously submitted to them, the Court will not disturb the verdict. *Springer* v. *Bowdoinham*, 7 *Greenl.* 442; *Copeland* v. *Wadleigh*, *ib.* 141.

2. This may not, according to the decision in *Gilman* v. *Wells*, fall within the exception in the statute, but this matters not on the other facts in the case, showing a new promise from one of the promisors. A new promise by one of several joint promisors takes the case out of the statute of limitation as to all. This case cannot be distinguished from *Getchell* v. *Heald*, 7 *Greenl.* 26; 2 *Stark. Ev.* 897, and cases there cited.

*D. Goodenow* replied for the plaintiff.

After a continuance for advisement, the opinion of the Court was drawn up by

EMERY J. — Much of the argument in behalf of the defendant has been devoted to assailing the decision of the case of *Whitcomb* v. *Whiting*, *Douglas*, 650.

It was on a joint and several note executed by the defendant and three others, and having proved payment by one of the others; of interest on the note and part of the principal within six years, the Judge thought *that* was sufficient to take the case out of the statute as against the defendant, and a verdict was found for the plaintiff. It was observed, *per Curiam*, that when cases of fraud appear, they will be determined on their own circumstances. Payment by one is payment for all, the one acting virtually as agent for the rest; and in the same manner, an admission by one is an admission by all, and the law raises the promise to pay, when the debt is admitted to be due. Beside, the defendant has had the advantage of the partial payment, and therefore must be bound by it. A similar attack was made upon the law of this case in *Atkins* v. *Tredgold*, 2 *Barn. & Cress.* 23, and *Chancellor Kent* says, it seems now to be considered as an unsound authority by the court which originally pronounced it. Certainly, however, not by the same members of that court who pronounced the decision. Their names and their fame have shone resplendently ever since the pub-

lication of that decision." And it is a little curious that in *Perham* v. *Raynal*, 9 *Moore*, *C. B. Rep.* 566, the authority of *Whitcomb* v. *Whiting* is reinstated, and held to contain sound doctrine, so far as that an acknowledgment within six years, by one of two makers of a joint and several note, revives the debt against both, though the other had signed the note as surety.

The jury having found that *Warren*, the defendant, was a principal on the note or agreement declared on, and not a surety, it becomes quite unimportant to discuss the propriety of the request to the Court to instruct the jury, that if they believe that *Warren* signed the note as surety, he is discharged by lapse of time of eight or nine years. Certainly, however, the authority of the case of *Perham* v. *Raynal* would be in favor of the Judge's declining to give the requested instruction. The prayer to the Court to instruct the jury that the note offered in evidence by the plaintiff, is not a note in writing for the payment of any sum of money, and does not come within the 10th section of the statute of *Maine*, entitled an act for the limitation of actions real and personal, and writs of error was by no means an improper request, and if the evidence of the new promise depended only on the circumstance that the note was attested by the witness, we should think that the case cited of *Gilman* v. *Wells*, 7 *Greenl.* 25, would be conclusive in favor of the position assumed by the defendant's counsel. The testimony of the witness is full and direct as to the new promise by *Durgin*, and the case presents no evidence that any reliance was placed by the jury on the fact that the note was witnessed. If they believed the testimony, it was entirely immaterial whether the note was attested by a witness, or not. Nor can we entirely approve the course of the Judge in leaving to the jury, " to determine whether the note or contract was or was not within the said tenth section of the act aforesaid, and whether the new promise of said *Durgin* proved as aforesaid, was, or was not sufficient to revive said note or contract against said *Warren*." According to the course of decisions in this Court, we deem it a question of law. *Perley* v. *Little*, 3 *Greenl.* 97 ; *Miller* v. *Lancaster*, 4 *Greenl.* 159. Still we are satisfied, that the presentation of the question in this light was made in a spirit of liberality, and with the intention, that no formal entrapping of the defendant should follow from the

evidence; but that the most favorable construction should be open for the jury to make on the whole subject. And we are also of the opinion that in conformity with the case of *Getchell, Adm'r* v. *Heald,* 7 *Greenl.* 26, and *Greenleaf & al.* v. *Quincy & al.,* 3 *Fairf.* 11, the matter is thoroughly settled as the law in this State, that the admission of one of several joint debtors, after the statute of limitations had attached, revived the debt as to all; so that the jury have decided the question correctly, and we cannot disturb the verdict on that account. *Copeland* v. *Wadleigh,* 7 *Greenl.* 141; *Springer* v. *Inhabitants of Bowdoinham, ib.* 442. The exceptions are overruled.

*Judgment on the verdict.*