Tompkins *v.* Brown.

---

## TOMPKINS & GARDNER *vs.* BROWN.

In assumpsit, where the statute of limitations is pleaded, a promise by the defendant to pay *as soon as he is able*, unaccompanied by any proof of his ability, will not enable the plaintiff to recover. The law is the same though the promise was made within six years after the cause of action had accrued, and before the statute had barred the demand.

ERROR from the New-York common pleas. Brown sued Tompkins & Gardner in the common pleas in January, 1844, and declared in *assumpsit* upon the money counts, and for goods sold. Tompkins pleaded *non-assumpsit*, and *actio non accrevit infra sex annos*, upon which the plaintiff took issue. Gardner suffered a default. At the trial in April, 1844, the plaintiff proved the sale of goods to the defendants in January and February, 1837, to the amount of about $120 ; and he then offered to show that within six years before the commencement of the suit, the defendant Gardner promised to pay the debt. The counsel for the defendant Tompkins objected that such proof was not admissible upon the issue joined upon the second plea, but the objection was overruled. The plaintiff

then proved that about four years before the trial, Gardner had said he had not then means to pay the debt, but would pay it as soon as he could. At another time about the same period he said he would pay it as soon as he was able, or as soon as he got able. The defendant's counsel objected that as Gardner's promise was a conditional one, to pay when he became able, his ability must be proved. The court overruled the objection and the defendant's counsel excepted. The defendant's counsel then offered to prove affirmatively that Gardner had no pecuniary means; but the evidence was excluded on an objection by the plaintiff, and the defendant excepted. The court charged the jury that if they believed that the defendant Gardner had within six years promised to pay the debt, the plaintiff was entitled to the verdict; and they refused to charge pursuant to a request of the defendant's counsel, that a promise to pay when he was able, would not sustain the action. The defendant's counsel again excepted. The jury found a verdict for the plaintiff, upon which the court rendered judgment. A bill of exceptions was duly signed.

*R. M. Harrington*, for the plaintiffs in error.

*B. Deklyn*, for the defendant in error, admitted that a conditional promise made after the statute had run against the demand, would not revive it, without proof that the event on which it depended had occurred; but he took a distinction between such a case and one like the present, where the promise was made before the six years had elapsed. In the former case he said the remedy being gone, the defendant could annex such condition to his promise as he pleased, and it must be observed; but in the latter, such a promise admitted the original existence of the debt, and was sufficient to prolong the defendant's liability for the term of six years from the time it was made.

*By the Court*, BEARDSLEY, J. The court held that a promise to pay *when able*, was sufficient to avoid a plea of the statute of limitations, without giving any evidence of the pecu-

Tompkins *v.* Brown.

niary condition of the party who made the promise. This was erroneous; the ability to pay should have been shown. ( *Tanner* v. *Smart*, 6 *Barn. & Cress.* 603; *A'Court* v. *Cross*, 3 *Bing.* 329; *Scales* v. *Jacob, id.* 638; *Ayton* v. *Bolt*, 4 *id.* 105; *Haydon* v. *Williams*, 7 *id.* 163; *Bush* v. *Barnard*, 8 *John.* 407; *Wetzell* v. *Bussard*, 11 *Wheat.* 309; 2 *Phil. Ev.* 138, 139; *Stephens' N. P.* 249, 2061; *Leigh's N. P.* 1253, 1273, 4; *Chit. on Cont.* 821, 827; *Bal. on Lim.* ( *by Tillinghast* ) 188, 189, 546.)

In *Scales* v. *Jacob*, already cited, the promise relied on was made, as in this case, before the statute had run against the original cause of action; and, although the promise was, in its terms, *conditional*, it was argued that the plaintiff could recover upon it without proof of performance of the condition, for the reason that the new promise was made before the original cause of action had been barred by the statute. Upon this point the judges of the English common pleas were equally divided. Best, C. J. thus expressed himself upon it: " The plaintiff then in this suit has no cause of action after the expiration of the six years. Before the expiration of the six years, it is true a conditional promise was made, but that, if relied on, must be taken subject to the condition. In none of the cases has any distinction been made as to the time of the promise, whether before or after the six years; but it is clear, that after the six years the plaintiff has no cause of action except on the new promise, and that being conditional, the condition attached to it must be observed." This was in 1826, and it was followed by the case of *Tanner* v. *Smart*, cited before, which was decided in 1827 by the court of king's bench. The action was founded on a promissory note dated the 19th of January 1816, payable on the 30th of November then next. " The plaintiff proved that in 1819 the note was presented to the defendant, and payment of it demanded ; and that the defendant said, I cannot pay the debt at present, but I will pay it as soon as I can. There was no proof of any ability on the part of the defendant to pay the debt."

In this case therefore, as in *Scales* v. *Jacob*, the promise was

made before the expiration of six years, but the distinction be-
tween such a promise and one after the expiration of that pe-
riod was not adverted to.   The court however held, and it does
not appear that either of the judges dissented, that the plaintiff
could not recover, as it had not been proved that the defendant
was of sufficient ability to pay the demand.   Here then was a
direct adjudication upon the point, that a conditional promise,
although made before the statute of limitations had run against
the original demand, will not authorize a recovery without
showing a performance of the condition.   In the language of
Chief Justice Best, such a promise, "*if relied on*, must be taken
subject to the condition."   And this, notwithstanding the case
of *Scales* v. *Jacob*, is the settled doctrine of the English com-
mon pleas, as may be·seen in the case of *Haydon* v. *Williams*,
decided in 1830, and which has been cited.

The court erred in holding that a conditional promise would
avoid the statute of limitations without proving a performance
of the condition, and for this error the judgment should be
reversed.

Judgment reversed.