## DUNHAM *vs.* DODGE and others.

Partial payments, made upon a joint and several promissory note, by one of
the makers, before the statute of limitations has barred an action upon it,
will not revive the debt, against the other parties to the note.

ACTION upon a joint and several promissory note, against the
makers.   The defense was the statute of limitations.   The plain-
tiff, to take the case out of the statute, proved partial payments
made within six years, by one of the makers.   The judge before
whom the cause was tried, held that such payments did not re-
vive the debt against the other parties to the note, and the plain-
tiff excepted to such decision.   Judgment was entered for the
defendants, and the plaintiff appealed.

*C. M. Brosnan,* for the plaintiff.

*B. D. Noxon,* for the defendants.

*By the Court,* ALLEN, J.   The plaintiff in this action relies
upon payments by one of several makers of a promissory note,
made before the statute of limitations had barred an action
upon it, to take the case out of the statute, as to all the makers,
and to continue the joint liability of all for six years from the
time of making the last of such payments.

Before the decision of *Van Keuren* v. *Parmalee,* (2 *Coms.*
523,) it would have been considered very well settled, upon au-
thority, that such payments did operate to prevent the statute
of limitations from attaching to the demand; that by the joint
contract there was a unity of interest by which a *quasi* agency
was created between the contractors, so that the admission or
promise of one would have bound all. (*Whitcomb* v. *Whiting,*
*Doug.* 652. *Patterson* v. *Choate,* 7 *Wend.* 441. *Hammon* v.
*Huntly,* 4 *Cowen,* 493.   *Johnson* v. *Beardslee,* 15 *John.* 3.    6
*John Ch.* 291.   *Sigourney* v. *Dowry,* 14 *Pick.* 387.   *Perham*
v. *Raynol,* 2 *Bing.* 306.   *Burleigh* y. *Stott,* 8 *B. & C.* 36.

Dunham *v.* Dodge.

*Pease* v. *Hirst,* 10 *Id.* 122.    *Wyatt* v. *Hodson,* 8 *Bing.* 309.
*Frye* v. *Beecher,* 4 *Pick.* 382.    *Hunt* v. *Bingham,* 2 *Id.* 581.
*White* v. *Hall,* 3 *Id.* 291.    *Channell* v. *Ditchburn,* 5 *Mee. &*
*Wels.* 494.    *Griffin* v. *Ashby,* 2 *Car. & K.* 139.    *Rew* v.
*Pettet,* 1 *Ad. & El.* 196.    *Greenleaf* v. *Quincy,* 3 *Fairf. R.*
11.    *Pike* v. *Warren,* 15 *Maine Rep.* 393.    *Joslyn* v. *Smith,*
13 *Verm. Rep.* 356.    *Bound* v. *Lathrop,* 4 *Conn. Rep.* 33.
*Austin* v. *Bostwick,* 9 *Id.* 502.    *Shelton* v. *Cocke,* 3 *Munf.*
191.    *Beitz* v. *Fuller,* 1 *McCord,* 541.    2 *Bay,* 533.)

While the decision of *VanKeuren* v. *Parmalee* does not decide
the precise point presented by the case before us, it involved
principles which were necessarily decided and which have
an important bearing, if not a controlling influence, upon the
decision of this cause.    The judge who pronounced the opin-
ion of the court in that case refers to the distinctions sup-
posed to exist between that case and this, but does not pro-
fess to lay much stress upon them.    He did not however un-
dertake to decide whether there were or were not distinctions
between the two cases which would influence the decision, and
bring them within different rules.    His argument was address-
ed to the settlement of general principles and the application
of those principles to the case then under consideration, and he
designedly left the question open as to what other cases these
principles should govern, and what facts and circumstances
would operate to place a case, in other respects similar to that
decided, without the rule then established.    But the court in
that case, as the court of last resort in the state, reversed a se-
ries of decisions of the courts of this and other states and of
England, and established as the law of this state principles in-
consistent with many of the cases which have been followed by
our courts as law, and have in some respects made the law more
self-consistent.    They have adopted, to a great extent, the views
of Mr. Justice Story, as expressed in *Bell* v. *Morrison,* (1
*Peters,* 351,) which the supreme court of this state, acting upon
the principle of *stare decisis* had not considered it proper to do.
(*Dean* v. *Hewit,* 5 *Wend.* 257.)    The cases cited above, in
which it has been held that the promise of one joint debtor

was sufficient to take a case out of the statute of limitations and revive or continue the debt as against all, have followed the decision of Whitcomb v. Whiting, and have merely applied the principle of that case to cases substantially the same or supposed to be so, and only differing in circumstances. They have depended upon the personal agency of one to do an act to bind the other debtors, growing out of the joinder in the contract and unity of interest. The leading case was decided at a time when the statute of limitations was looked upon with disfavor by the courts, and when any acknowledgment, even the slightest, of the existence of a debt, was sufficient to deprive the party of the benefit of the statute, although the acknowledgment was made under circumstances showing that the debtor did not intend to recognize or admit an existing intention or liability to pay. (*Truman* v. *Fenton, Cowp.* 548. *Bryan* v. *Houseman,* 4 *East,* 599. *Lawrence* v. *Worrall, Peake's Ca.* 93. *Rucker* v. *Harvey,* 4 *East,* 604, *n. a. Clark* v. *Bradshaw,* 3 *Esp.* 155.) The courts were willing to lay hold of any circumstance which tended to show the existence of a demand or that a demand once existing had not been paid, to take the case out of the statute; and hence perhaps, they were the more ready to imply an agency which would not have been implied for any other purpose or under any other circumstances, and bind one person by the acts of another whom he never designed to constitute his agent for any purpose, and to hold that a partial payment by one, as it negatived to some extent, the presumption of a prior payment of the debt, was evidence against all, that the debt had not been paid and was an existing liability. The statute was treated as raising a presumption of payment, and that presumption being rebutted, the statute was treated as no bar. The early cases in England upon this subject, have not been generally followed in this country, and are no longer considered as law in that country; but the statute of limitations has been treated not as merely raising a presumption of payment but as a statute of repose, and it has been held that a circumstance or expression from which a probable or possible inference could be drawn, of the acknowledgment of a debt,

Dunham v. Dodge.

was not sufficient to overcome a defense under it. (*Sands* v. *Gelston*, 15 *John.* 511.     *Wetsell* v. *Bussard*, 11 *Wheat*, 309. *Bangs* v. *Hall*, 2 *Pick.* 368.)   It is now held that there must be an express promise, or a clear recognition of the present existence of the demand, from which a promise may be implied. (*Stafford* v. *Richardson*, 15 *Wend.* 302.)   There must be an admission that there is a subsisting debt which the debtor is willing to pay.   It needs no authority to prove that an admission, to be operative, must be made by the party to be affected, or by an authorized agent.

It is substantially a new contract upon which the action is brought when it is sought to be sustained by evidence of a new promise, when, but for such new promise, it would have been barred by the statute of limitations. (*Green* v. *Crane*, 2 *Ld. Raym.* 1101.   *Bell* v. *Munson, supra.*   *Thompson* v. *Peters*, 12 *Wheat.* 565.   *Dean* v. *Hewit, supra.*   *Tompkins* v. *Brown*, 1 *Den.* 247.)   The only question, then, is whether the joint contract creates an agency in one of several joint debtors, to continue a debt, or revive a debt already barred, against all, and prevent the statute of limitations from attaching by a new promise, express or implied; or, in other words, whether such joint debtor is authorized, in virtue of his relation to the parties, to make such new contract which shall bind them all.   The cases in England and in this state prior to *Van Keuren* v. *Parmalee*, have followed the case of *Whitcomb* v. *Whiting*, and held that such agency did exist.   But the decisions were made without adverting to the fact that the decision of *Whitcomb* v. *Whiting*, while it was perhaps not inconsistent with the principles upon which the courts proceeded at the time it was pronounced, as to the construction to be put upon, and the effect to be given to, the statute of limitations, was inconsistent with the more modern decisions under the statute, and with the case of *Green* v. *Crane* and other authorities to the same effect.   The decision of the court in *Van Keuren* v. *Parmalee*, without reference to the reasoning of the judge by whom the opinion was delivered, necessarily decides or recognizes as law, 1st. That the action is substantially, although not in form, upon the new promise, and

Dunham v. Dodge.

that such promise is not a mere continuation of the original promise, but a new contract springing out of and supported by the original consideration. 2d. That to continue or revive the debt, there must be an express promise to pay, or an acknowledgment of the existence of the debt, with the admission or recognition of an existing liability to pay it, from which a promise to pay may be inferred. 3d. That such acknowledgment or promise to take a debt out of a statute, must be made by the party to be charged, or by some person authorized by law ; and 4th. That there is no mutual agency between joint debtors, by reason of the joint contract, which will authorize one to act for and to bind the others in a manner to vary or extend their liability. These questions, with the exception, perhaps, of the first, were directly involved in the case, and necessarily decided, and the decision of the court was unanimous. Do the points in which this case differs from that decided by the court of appeals take it without the principles decided and without the operation of the statute of limitations? I think not. First. One point of difference is that in this case partial payments, and not a promise or naked acknowledgment of the existence of the debt, are relied upon to take the case out of the statute. But partial payments are only available as facts from which an admission of the existence of the entire debt and a present liability to pay, may be inferred. As a fact by itself, a payment only necessarily proves the existence of a debt to the amount paid, but from that fact courts and juries have inferred a promise to pay the residue. In some cases it is said to be an unequivocal admission of the existence of the debt, and in the case of the payment of money as interest, it would be such an admission in respect to the principal sum. Again, it is said to be a more reliable circumstance than a naked promise ; and the reason assigned is that it is a deliberate act, less liable to misconstruction and misstatement than a verbal acknowledgment. So be it. It is nevertheless, only reliable as evidence of a *promise* or from which a promise may be implied. Any other evidence which establishes such promise would be equally efficacious, and most assuredly a deliberate written acknowledgment of the

Dunham *v.* Dodge.

existence of a debt, and a promise to pay, is of as high a character as evidence of a partial payment, to defeat the statute of limitations. In either case the question is as to the weight to be given to evidence; and if a new promise is satisfactorily proved in either method the debt is revived, and without a promise, express or implied, it is not revived. The question still recurs, who is authorized to make such promise? If one joint debtor could bind his co-debtors to a new contract by implication, as by a payment of a part of a debt for which they were jointly liable, he could do it directly by an express contract. The law will hardly be charged with the inconsistency of authorizing that to be done indirectly which can not be done directly. If one debtor could bind his co-debtors by an unconditional promise, he could by a conditional promise; and a man might find himself a party to a contract to the conditions of which he would be a stranger. Second: Another fact relied upon to distinguish this case from *Van Keuren* v. *Parmalee,* is that the payments were made before the statute of limitations had attached to the debt and while the liability of all confessedly existed. In some cases in Massachusetts this, as well as the fact that the revival or continuance of the debt was affected by payments from which a promise was implied, rather than by express promises, were commented upon by the court as important points. But I do not understand that the cases were decided upon the ground that these circumstances really introduced a new element, or brought the cases within a different principle. The decisions, in truth, were based upon the authority of the decisions of the English courts and prior decisions in the courts of that state. That a promise made while the statute of limitations is running, is to be construed and acted upon in the same manner as if made after the statute has attached, is decided in *Dean* v. *Hewitt,* and *Tompkins* v. *Brown,* (*supra.*) If the promise is conditional, the condition must be performed before the liability attaches, so as to authorize an action. It does not, as a recognition of the existence of the debt, revive it absolutely, from the time of the conditional promise. And in principle, I see not why a promise made before the statute has attached

to a debt should be obligatory when made by one of several joint debtors, when it would not be obligatory if made after the action was barred. The statute operates upon the remedy. The debt always exists. An action brought after the lapse of six years, upon a simple contract, must be upon the new promise, whether the promise was before or after the lapse of six years, express or implied, absolute or conditional. The same authority is required to make the promise before as after the six years have elapsed. Can it be said that one of several debtors can, on the last day of the sixth year, by a payment small or large, or by a new promise, either express or implied, so affect the rights of his co-debtors, as to continue their liability for another period of six years, without their knowledge or assent or any authority from them, save that to be implied from the fact that they are at the time jointly liable upon the same contract, and yet, that on the very next day, without any act of the parties, such authority ceased to exist? If so, I am unable to discover upon what principle. And may the debt be thus revived from six years to six years through all time? or if not, what limit is put to the authority? If an agency is created it continues until revoked. The decision of *Van Keuren* v. *Parmalee,* is upon the ground that no agency ever existed, not that an agency once existing had been revoked. The debt in this case is joint and several. The several liability of the party making the payments is doubtless continued by his own acts, but as against the others I can not, without disregarding *Van Keuren* v. *Parmalee,* or drawing distinctions for which I can find no reason, come to any conclusion, other than that the action is barred by the statute. (*See also Lewis* v. *Woodworth,* 2 *Caines,* 512.) In the latter case it was held that one of two joint contractors could not be deprived of a defense by the admission of the other; that one had not power to increase or extend the liability of the other beyond the terms of the contract. To hold that one joint debtor could by his acts deprive his co-debtor of a defense under the statute of limitations, and could revive and extend his liability by a new contract, would be directly inconsistent with the principles decided in that case. Judgment must be affirmed.