Caton, J. The introductory part of this declaration is in the appropriate form for debt, but all the counts are strictly and technically in assumpsit. This, according to the cases of Cruikshank v. Brown, and McGinnety v. Laguereure, 5 Gilman, 75, and 161, is a declaration in assumpsit, and not in debt. The counts being all in assumpsit, there was no misjoinder, and the motion in arrest of judgment was properly overruled. It can make no difference in the result here, whether we consider the testimony of McOonnel as so referring to the account filed with the declaration, as to enable us to look into that as a part of the evidence or not. By doing so, we see that more than five years had elapsed from the date of the last item in the account, and the commencement of this action, so that the statute of limitations constituted a good defence. Nor did the testimony of the witness show a new promise within the five years. He says he “read over to him each item of the account, and as he read, Ayers admitted to the correctness of every item, and of the whole account; but as to the items of the board of his son, he stated that he thought that that item, or a portion of it, had been paid by his son. He further stated, he thought the account was correct, and that he would see Richards and settle with him.” In order to take a case out of the statute of limitations, there must be a promise to pay the debt. Such promise may be implied, it is true, from an unqualified admission that the debt is due and unpaid, nothing being said or done at the time, rebutting the presumption of a promise to pay. It is not sufficient that the debtor admitted the account to be correct, or that he had received the goods or the money, or had executed the note sued on, but he must have gone further, and admitted that the debt was still due and had never been paid. The bare admission of the correctness of the account, or genuineness of the note sued on, is no more a satisfactory answer to the statute, than would be the testimony of .a witness proving the same facts. The statute presupposes the debt to have been .due, and that there is no evidence that it has ever been paid. It would be absurd to say, that a promise shall be implied, by the bare admission of the party of what the law itself supposes to be true. It has been even regretted by many learned Courts, that parol testimony has ever been allowed to do away with the express statute, and especially, that any implied promise has been allowed to have that effect, for it certainly offers great inducements to pervert and distort the statements of parties, in order to make out a new promise. There is certainly great discrepancy in the decisions of different Courts on this subject, and some Courts have undoubtedly allowed a looser rule to prevail, than the one which we have adopted, but we think the"weight of authority, and certainly the reason of the case, are in favor of the views which we have stated. It is true here is an' inference, and a very strong inference, that this account had not been paid. But there should be an express admission of that fact, in order to infer the new promise. But one inference is. to be admitted. Ho more should be admitted, when dispensing with an express act of the legislature. An inference upon an inference would be too unsubstantial for such a result. By the rule which the current of decisions has compelled ns to adopt, the statute may be substantially repealed in the particular case. Were the question a new one, we should hold that no suit could be maintained upon the old cause of action, but only upon a new and express promise, for which the old cause of action might be a sufficient consideration, as in case of a debt which has been discharged by bankruptcy. This being an action of assumpsit, on an open account, and the last item of the account having accrued more than five years before the commencement of the action, the statute of limitations was a good defence, and a new trial should have been granted. If it be objected that the account, not being copied into the bill of exceptions, but only referred to by the witness, so that we cannot know what that account was, then we say, that as the evidence fixes no amount, except by reference to the account ■sued on, when that is withdrawn from view, there is no evidence whatever to justify the verdict. If we can look at the account filed with the declaration, and referred to by the witness, to ascertain the amount, then we cannot help seeing, that the last item bears date more than five years before the commencement of this suit. Let the judgment be reversed and the cause remanded. Judgment reversed. Treat, 0. J., dissented.