J. C. AND C. N. MAYBERRY, PLAINTIFFS IN ERROR, v. E. WILLOUGHBY, DEFENDANT IN ERROR.

1. **Statute of Limitations:** CONSTRUCTION OF. The statute of limitations must not be construed as merely raising a presumption of payment, but as a statute of repose.

2. ———: ———. To take a debt out of the statute, there must be an unqualified acknowledgment of the debt as originally due, and a promise to pay it; and if the promise is conditional, the condition must be performed before an action can be maintained on the promise.

3. **Partnership.** The act of one partner, during the existence of the partnership and within the legitimate scope of the partnership business, will bind the other partners; but, upon the dissolution of the partnership, and a notice thereof, such agency, as well as the relations of partners, cease to exist, and the authority to create new contracts is revoked, and the relation of partners to their creditors then becomes that of joint debtors.

4. ———: STATUTE OF LIMITATIONS. A promise by one joint debtor will not take a debt out of the statute of limitations as to his co-contractors, unless he is specially and severally authorized by them for that purpose.

ERROR from the district court of Johnson county. Tried below before WEAVER, J.

*T. Appleget*, for plaintiff in error, C. N. Mayberry, cited Cooley Con. Lim., 364. *Bell v. Morrison*, 1 Peters, 362. *Yandes v. Le Favour*, 2 Blackf., 371. *Sage v. Ensign*, 2 Allen, 245. *Kelley v. Sanborn*, 9 N. H., 47. *Walden v. Sherburne*, 15 Johns., 409. *Lang v. Kennedy*, 20 Wis., 279. *Lumberman's Bank v. Pratt*, 51 Me., 563.

*S. P. Davidson*, for defendant in error, cited *Palmer v. Dodge*, 4 Ohio State, 29. *Feigley v. Whittaker*, 22 Id., 614. Gow on Partnership, 212. *Robbins v. Fuller*, 24 N. Y., 574. *Burr v. Williams*, 20 Ark., 189. *Bissell v. Adams*, 35 Conn., 299. *Zent's Executors v. Heart*, 8 Penn. State, 341. *Hunter v. Robertson*, 30 Ga., 479.

GANTT, J.

In the court below, service of summons was had on C. N. Mayberry only; he pleaded the statute of limitations, and he now brings the case into this court as plaintiff in error.

It appears from the facts admitted, that the plaintiff in error and J. C. Mayberry were, formerly, partners, doing business in the state of Illinois, under the firm name of J. C. & C. N. Mayberry; that on the 14th day of January, 1864, the note, on which this action was brought, was executed by the firm and delivered to the defendant in error; that on the 29th day of March, 1864, the partnership was wholly dissolved, and that on or about the 15th day of July, 1868, the defendant in error

VOL. V.—24

had notice of the dissolution of the partnership; that in March, 1869, the plaintiff in error moved to the state of Nebraska, and has ever since resided there.    J. C. Mayberry made partial payments on the note, on the 16th day of November, 1864, on the first day of June, 1868, on the 25th day of July, 1870, and on the 29th day of November, 1871; and of these payments the plaintiff in error had no knowledge whatever, until after the commencement of the suit, on the 18th day of April, 1876.

The only question raised in the case is:    Do these payments made by J. C. Mayberry take the debt out of the statute of limitations as to the plaintiff in error?

It is said that the statute is a wise and beneficial law, and should not be viewed in an unfavorable light; and it is now generally conceded, that it is not to be construed as merely raising a presumption of payment, but that in its operation it is intended to be emphatically a statute of repose.

Therefore, in order to take a debt out of it, there must be an unqualified acknowledgment, not only of the debt as originally due, but that it continues so; or, if the promise to pay is conditional, the condition must be performed before an action can be maintained on the promise; and the acknowledgment or promise must be made by the person to be charged, or by some person legally authorized by him to do so.

Again, as the law strictly affects the remedy, and not the merits, it seems well settled, that upon the plea of the statute, the *lex fori* must prevail.    *McElmoyle v. Cohen*, 13 Peters, 327.    *Townsend v. Jemison*, 9 How., 413.    *Bell v. Morrison*, 1 Peters, 618.

Hence, the law must be regarded as designed to protect persons from ancient claims, whether well or ill founded; and its tendency is to produce speedy settlements, and if such settlements are not made within the time limited by the law, its effects are such as to extin-

guish the legal liability upon the debt, unless it be revived by a new promise; and, therefore, if the creditor by his own fault and laches, permits the statute to attach, whatever may be the nature or character of his claim, he cannot complain of the operation of the law, since it is by his own negligence that it can be brought to bear against him.

But, as J. C. and C. N. Mayberry were partners at the time the debt was contracted, it is contended that, notwithstanding the dissolution of the partnership with notice thereof to the creditor, and notwithstanding the time limited by the statute within which actions can be commenced after the cause of action shall have accrued, had long expired, as to the plaintiff, yet the payments made by J. C. Mayberry, as above stated, and without the knowledge or assent of the plaintiff, constitute an admission by both, and in law raises a promise by both to pay the claim; and this proposition is urged upon the ground, that, as J. C. Mayberry had authority to discharge the debt or make payments thereon, he necessarily had authority, upon the theory that a virtual agency existed in each co-contractor, by his individual promise to charge the other with the payment of the debt. This is true as to partners, for, it is a familiar and well established doctrine, that during the existence of the partnership, the act of one partner within the legitimate scope of the partnership business, will bind the other partners; and this doctrine, no doubt, had its origin in the fact, that in a partnership, constituted by voluntary contract, with the understanding that there shall be a communion of profits between them, there must necessarily be in each partner a community of interest with the others in the whole property, business and responsibilities, of the concern; and, therefore, each partner is *præpositus negotiis societatis;* and in the diverse and multiplied transactions of the business, each must, *virtute officii,* become the agent

of the others, when acting within the scope and objects of the partnership. But, upon the dissolution of the partnership, this agency, as well as the relation of partners, ceases to exist, and the authority to create new contracts is revoked; and the rights of the partners thereafter can only extend to the settlement of the partnership concerns, and the disbursement of the remaining funds. It is said that, "after dissolution, no valid draft, acceptance or indorsation can be made by the firm; and it is no authority to do so, if any partner is in the notice empowered to receive and pay the debts of the company. The indorsation, draft or acceptance must be done by all of the partners, or by one specially empowered to do the act for them." 2 Bell's Com., 644. Story on Part., Sec. 332. 1 Smith Lead. Cases, 730. No new contract can be created in the name of the firm, and no one of the partners can create such contract so as to charge the others, unless they specially authorize him to do so for them.

Now, the doctrine seems well settled by authority, that an acknowledgment is to be considered, not as a continuation of the old promise, but as the evidence of a new promise; and, therefore, it is alone this new promise which takes the debt out of the statute. This new promise is a new contract, nothing more, nothing less; and it is a contract to pay a pre-existing debt, which of itself does not bind the party, because by force of the law it was extinguished. Hence, is not the acknowledgment, in essence and in law, the creation of a new contract, which gives the creditor a new cause of action, and not simply the enforcement of the old one? It, therefore, seems clear, both upon principle and authority, that after the relation of partners has ceased to exist, one of the partners cannot, upon the ground of mutual agency, bind the others by such contract. The relation of the partners to their creditors, then, becomes

that of joint debtors. *Bell v. Morrison, supra. Hacklie v. Patrick,* 3 Johns., 537. *Green v. Crane,* 2 Lord Raym., 1101. *Thompson v. Peters,* 12 Wheat., 565. *Tompkins v. Brown,* 1 Denio, 247. *Dean v. Hewit,* 5 Wend., 257. *Dunham v. Dodge,* 10 Barb., 569.

It is, however, urged, that the acknowledgment relied on in the case at bar, consists of partial payments made on the original debt of J. C. Mayberry, and as some of these payments were made before the time limited by the statute had expired, the statute of limitations did not attach as to the plaintiff in error; but it is said "that although a part payment of a debt admits its existence as a subsisting obligation, and will, therefore, be sufficient to take it out of the statute, yet that it has no greater effect than any other unqualified acknowledgment, and must consequently be connected by sufficient evidence, both with the parties to the suit, and the claim sought to be enforced." 1 Smith's Lead. Cases, 726. Such payments necessarily prove, only, the existence of the debt to the amount paid, but from the fact of such payment a promise is inferred to pay the residue. *Dunham v. Dodge, supra.* And, again, it is said "the true rule unquestionably is, that whether the admission precedes or follows the bar, makes no difference; and that while proof of the continued existence of the debt, and of the willingness of the debtor to pay is requisite in all cases, nothing more will be requisite in any." 1 Smith's Lead. Cases, 714. *Ayres v. Richards,* 12 Ill., 146. *Fryeburg v. Osgood,* 21 Maine, 176.

And now, the question is, can one joint debtor by an assumed authority as the virtual agent of the other, legally charge him with the payment of the debt, when otherwise he would be discharged, and the debt be extinguished as to him by operation of the statute?

The doctrine that a promise or acknowledgment by one joint debtor takes the debt out of the statute, and

binds his co-contractor, upon the ground that he who makes the promise virtually acts as the agent of the other, seems to have originated in an unreasoned decision of Lord Mansfield, in the case of *Whitcomb v. Whiting*, Doug., 651. But that case is contrary to the previous case of *Bland v. Haselrig*, 2 Ventris, 151, and it must be regarded as the cause of all the confusion which exists in the decisions, both in England and America, on the subject of the statute, in respect to joint debtors.

In England, however, the doctrine enunciated in *Whitcomb v. Whiting*, has been somewhat restricted, which has remedied some of the mischief inherent in it. 1 B. & Ald., 467. And its force has been much weakened in the case of *Atkins v. Tredgold*, 2 Barn. & Cress., 23, in which HOLROYD, J., seems to doubt *Whitcomb v. Whiting*, as law.

Story, in his work on Partnership, section 324, says that, "in America no small diversity of judicial decision has been expressed on this subject. In some of the states, the English doctrine has been approved; in others it has been silently acquiesced in, or left doubtful; and in a considerable number it has been expressly overruled." In the supreme court of the United States it has been overruled, as unfounded in principle. *Bell v. Morrison, supra. Van Keuren v. Parmelee*, 2 N. Y., 525. *Dunham v. Dodge*, 10 Barb., 570. *Forney v. Benedict*, 5 Barr., 227, and in *Coleman v. Fobes*, 10 Harris, 161, LEWIS, J., says that "it is not true that joint debtors, as such merely, are agents of each other. Partners are so while the relation continues; and this is part of the law and essence of that relation, but not that of joint debtors. The distinction is palpable, when it is noticed that a joint contract by persons not partners can have no inception, and cannot be charged in time, amount, subject, form, or substance, without the several

acts of each of the joint contractors. Their interests are joined only in so far as the contract joins them. Their contract or understanding, by which they agree together to enter into the joint liability, is one thing, and the joint contract with the creditor is another thing. Their relations to each other are defined by the former, and their joint relation to their creditor by the latter; and their joint relations in one aspect in no sense define those in the other. Whether as among themselves, one is to pay all, or half, or none, depends, not upon the contract with the creditor, but on their own engagement. One alone may be the real debtor, and may be so abundantly able to pay, that the others may be said to have no real interest in the matter. And even if they are, as among themselves, equal debtors, there is no real community of interest, for by enforcing contributions, each is made to answer for his true share."

It seems, the doctrine, that one joint debtor can take a debt out of the statute as to all, is based exclusively on the theory that there is a virtual agency in each co-contractor, in such case, by which the promise of one binds the rest. But upon what principle can this doctrine of mutual agency be maintained? It cannot be founded on a communion of profits or a community of interests, as in the case of partnership, for the reason that in fact no such interests exist between the persons who are merely joint debtors; and it cannot be grounded merely upon a new promise by only one of the parties, for the reason that in fact and in law, as seems now to be well settled, such promise is a new contract, which is necessarily different from the original contract in respect to form, time and substance, and is the creation of a new cause of action; and the proposition will not be questioned, that one joint debtor can, by such new contract, bind his co-contractors. It is, therefore, certainly difficult to discover any just grounds upon which the

doctrine of mutual agency in joint debtors can be founded; hence, must it not rest alone upon a mere assumption, which is untrue in fact, and unsupported by any reasonable and just interpretation of law?

It is not only contrary to the earlier cases in England, but we think it is opposed to the object and spirit of our statute, which, it seems clear, was intended to protect the individual against claims after the time limited by the law for the commencement of the action has expired. The statute is one of repose; and when the time limited by it has expired, then in legal contemplation the debt is extinguished, and it can only be revived by a new promise by the person sought to be charged, or by some person lawfully authorized by him for that purpose.

We have carefully examined the question propounded, and must conclude that the case of *Whitcomb v. Whiting* is not accordant with fact or sound principle, and cannot be supported upon sound policy; and we are, therefore, of opinion, that the plea of the statute of limitations, interposed by the plaintiff in error, constituted a good defense in this action, under the evidence in the case; and that the judgment of the court below must be reversed, and the cause remanded.

JUDGMENT REVERSED.