Mr. Justice Mac Arthur
delivered the opinion of the court.
The question is presented upon the bill of exceptions, whether a promise or a partial payment by one joint, maker, withdraws the note from the protection of the statute as to other joint makers, who did not know of the promise or payment. We have been referred to Whitcomb vs. Whiting, Douglass R., 652. That was an action upon a promissory note executed by the defendant and three others. There had been a payment by one of the others of interest on the note, and part of the principal within six years, and it was held that this was sufficient to take the case out of the *113 statute as against the defendant, although he was ignorant of the payment. The doctrine of this case is, undoubtedly, that a payment made by one joint maker continues the original indebtedness as to all.
• The opinion was delivered by Lord Mansfield over one hundred years ago, and was followed in England until 1856, when an act of Parliament declared that a co-contractor should not lose the benefit of the Statute of Limitations, by reason only of payment of any principal or interest by any other of the co-contractors. Mercantile Law Amendment Act, sec. 14. So that a mere payment of a portion of the principal or interest by one joint contractor, is not now sufficient in that country to take an instrument of this kind out of the statute, as against the other joint makers. The doctrine involved in that case has given rise to a very considerable conflict of authority in the United States.
In several of the States it has been adopted, and in others denied. The earlier decisions in Pennsylvania were perhaps the first to impeach it; and after some vaccilation to entirely overthrow its authority. Levy vs. Cadet, 17 S. & R., 126; Coleman vs. Forbes, 10 Harris, 156, in which it is declared that the joint liability for a debt does not empower one of the debtors to deprive the rest of the benefit of the statute, unless some special authority is proved for that purpose. The Supreme Court of the United States embraced the first opportunity to repudiate the doctrine of Whitcomb vs. Whiting. We refer to Bell vs. Morrison, 1 Pet., 351. That was the instance of a co-partnership note, and it was sought ' to withdraw it from the operation of the statute, by reason of the promise of a member of the firm after the co-partnership was dissolved, and the principle was announced, that the power of a partner to bind the other members of the firm is ended by its dissolution, and where the debt has been barred by the statute, he cannot bind his co-partners to its payment. It has been said that the disapproval by the Supreme Court of Whitcomb vs. Whiting, was obiter dictum, but the language of Mr. Justice Story, who spoke for the court, is so decided and emphatic, and so well fortified by principle and *114 reason that, as Chief Justice Bronson remarked in another case, it ought not to be disregarded, and can never be overthrown. When the very point to be determined here has been so elaborately examined and passed upon by that tribunal, in immediate appellate jurisdiction to this, we must receive its conclusion as binding upon us. For us the question is settled. We simply refer to the notes in 1 Smith’s leading Cases for a full examination of the conflicting decisions in the different States, where the learning upon the subject appears to be exhausted.
' It is said, however, that there are some circumstances in this case that are material. One is that the indorsements upon the note were made before the statute had attached to it. In the case of Bell vs. Morrison, the promise was made after the firm was dissolved, and after the statute had attached to the indebtedness; and there is no doubt but that Mr. Justice Story gives considerable prominence to. that circumstance in the decision. Here it occurred that the Statute of Limitations had not acted on the note at the time of siich payments; for the payments were made in each consecutive year, save one, from 1871, the first year after the note was given, to 1875, within one year before suit. Now, does this make any difference ?
In Van Keuren vs. Parmelee, 2 Comst., 525, Chief Justice Bronson reviewed the previous decisions in that State, and others, which were supposed to follow that in Whitcomb vs. Whiting, and announced the opinion of the court of appeals with great force of reasoning that the acknowledgment of a debt already outlawed can only be enforced against the party making it, and cannot deprive the other co-contractors of their defence under the statute. The case did not decide the point, that payments made before the Statute of Limitations attaches, by one co-contractor, were to have the same effect as if made after. But in the subsequent case of Shoemaker vs. Benedict, 11 N. Y., 176, the facts were the same as in the case at bar. There the action was upon a promissory note. Payments were made by one of three joint makers and indorsed upon it before the note was outlawed ; *115 the action was commenced after the period of limitations had expired," but within six years after the last payment, and one of the other makers set up the statute, and it was held that the action as to such maker was barred ; and that it did not affect his defence whether the indorsements were before or after the statute had attached. The judge who expressed the opinion of the court in that case uses the following language : “And in principle I see not why a promise made before the statute has attached to a debt should be obligatory when made by one of several debtors, when it would not be obligatory if made after the action was barred. The statute operates upon the remedy. The debt always exists. An action brought after the lapse of six years upon a simple contract must be upon the new promise, whether the promise was made before or after the lapse of six years. The same authority is required to make the promise before as after the six years have elapsed. Can it be said that one of several debtors can, on the last day of the sixth year, by a payment, small or large, or by a new promise, either express or implied, so affect the rights of his co-debtors as to continue their liability for another space of six years, without their knowledge or assent, or any authority from them save that to be implied from the fact that they are at that time jointly liable upon the same contract, and yet that on the very next day, without any act of the parties, such authority ceases to exist ? If so, I am unable to discover upon what principle. And may the debt be thus revived from six years to six years through all time, or if not, what limit is put to the authority? ” Dean vs. Hewitt, 5 Wend., 257; Tompkins vs. Gardner, 1 Denio, 247, are authorities that promises made while the statute is running are to be construed in the same manner as if made after the statute had attached.
It is now well understood that the mere acknowledgment of a debt is not sufficient to take it out of the statute. There must be circumstances from which a new promise may be presumed. The debt is no longer demandable, and there must be a new promise, either express or implied, in order to *116 revive it. The acknowledgment must be accompanied by-expressions showing a willingness to pay it. Such is the-current of the modem decisions, and this new promise is now-the real cause of action where the statute has otherwise run' upon the demand. Now can it be possible that a joint contractor, by his own act and at his own pleasure, and without the knowledge or consent of his co-contractor, can enter into a new liability which will be binding upon them both ? To state this proposition is to refute it. Nor in principle can it make any difference whether the payment claimed to revive the liability was made before or after the statute had attached. In other words, a joint contractor is not an agent' for the others unless there is an arrangement to that end, and cannot bind the co-contractors without their consent.
Upon the whole, we think the instruction which was refused by the court below should have been given to the jury, and. that the exception to the charge is well taken. There must be a new trial.