Browne, J.
This is an action brought to recover a balance upon a promissory note for $1,000, dated February, 1868, due February, 1869, drawn by the defendant to the order of John Gregg, who at the time resided in Ohio and continued to reside there until his death in 1877. Administrators of Hr. Gregg’s estate were appointed upon his death, who also-resided in Ohio up to August 12, 1884, when they assigned the note in question to the plaintiff, a resident of this city. *508 This action was commenced September 24, 1884. When the note became due, the defendant resided in the state of Missouri. In October, 1872, he removed to the State of Iowa and continued to reside there till May, 1883. About January, 1882, the defendant received a credit on the note to the amount of $500 and interest.
At the trial all the defenses were waived except the defense that the action was barred by the statute of limitation of the state of Iowa. Before the adoption of the Code of Civil Procedure, the statute of limitation of a foreign state constituted no defense to an action brought here (Miller agt. Brenhams, 68 N. Y., 83), but section 390 of the Code has changed that rule to some extent. Its provisions, so far as applicable to case at bar, are as follows : “ That where a cause of action * * * accrues against a person who is not a resident of the state, an action cannot be brought thereon * * * after the expiration of the term limited by the laws of his residence for bringing a like action except, first, where the cause of action, originally accrued in favor of a resident of this state; second, where before the expiration of the time so limited the person in whose favor it originally accrued was or became a resident of the state ; or, third, where the cause of action was assigned to and thereafter continuously owned by a resident of the state.”
The proscriptive laws of Iowa are contained in the Code of Iowa, section 2529 which provides that “ the following actions may be brought within the times herein limited respectively, after their causes accrue and not afterwards, except when otherwise specially declared. * * * Those founded on written contracts * * * within ten years.”
It has been conclusively shown that the cause of action does not come within the exceptions of section 390 of the Code, for the reasons assigned by the learned counsel for the defendant in his brief, from which I quote the following: “Because, first, the cause of action did not originally accrue in favor of a resident of this state, but in favor of a resident of the state *509 of Ohio; and because, second, before the expiration of the period of limitation the person in whose favor the cause of action originally accrued, did not become a resident of the state of New York, as he lived and died in Ohio; and because, third, the cause of action was not assigned before the expiration of the time so limited to a resident of this state. The period of limitation was ten years from October, 1872. No assignment of the cause of action to a resident of this state was made until August, 1884.”
It follows, therefore, that the action cannot be maintained unless the cause of action was revived by a new promise to pay the debt or an acknowledgment or admission in writing made by the defendant within the period of limitation. It is claimed by plaintiff that such a promise and admission have been established by certain letters which were received in evidence in which defendant admits an indebtedness to the original payee and also to his administrators. None of the letters-refer specifically to any indebtedness upon the note in suit, nor to any specific sum due thereon to the parties to whom the letters were addressed. Without the aid of extrinsic evidence the text of the letters affords no clue to the nature or amount of the debt to which the admission and new promise referred, and it can only be presumed that the letters had relation to the note in suit from the fact that no evidence of other indebtedness was presented. Without questioning its sufficiency, it may be assumed that the letters referred to-the note in suit, but the promise established by these letters is coupled with a condition that he would pay the debt “ when able.” This is not the precise language used in the letters, but it is a fair construction of the terms contained in them, excepting the condition in which the promise is predicated upon the payee advancing moneys to aid the defendant in other matters. None of the conditions upon which the promise was predicated have been shown to have been fulfilled. Failure to establish the conditions upon which the new promise was made is a failure to revive a debt barred by the statute of limitations *510 ( Wakeman agt. Sherman, 9 N. Y., 85; Tompkins agt. Brown, 1 Denio, 247 ; Wetzell agt. Bussard, 11 Wheat., 309 ; Cocks agt. Weeks, 7 Hill, 45; Teho agt. Robinson, N. Y. Ct. App., October 6, 1885 ; 1 Eastern Rep., 768).
The evidence offered by plaintiff in support of the defendant’s ability to pay was not sufficient to submit to a jury as a question of fact.
It is earnestly and forcibly urged by the learned counsel for the plaintiff that the fair construction to be given to section 390 of our Code is to allow the same rules of revivor in courts of the state of the residence of the party liable on the contract, and he contends that under the provision of the Iowa Code the proscription is removed by establishing a bare written admission of the debt within ten years, and cites the section of the Iowa Code bearing upon the question, which is as follows (sec. 2539): “ Causes of action founded on a contract are revived by an admission that the debt is unpaid, as well as by a new promise to pay the same.’’ And in support of his contention he •claims he is aided by the courts of that state, which gave the statute a construction by its decision in the case of Penley agt. Waterhouse (3 Iowa, 418). An examination of that case does not disclose that the court passed upon the question of the effect of an admission coupled with a condition as to time of payment. The facts upon which the decision was based are susceptible of but a single meaning, to wit, that the party liable admitted the debt and was unable to pay it. Nothing was said as to when or under what circumstances the party would pay it, and I can find nothing in the context that the court went farther in its decision than to determine that the language used in the writings was an admission of the debt, void of all conditions. This is strongly indicated by the fact that it was urged by the defendant there that the language used implied an unwillingness to pay the debt, which, if so found, would deprive the admission of its cogency as an inferential promise to pay. We are thus led to the conclusion that the courts of Iowa in nowise depart from the rule existing in *511 this state that the admission or acknowledgment must show such an evident intention to pay the debt that the law will imply a promise to pay, and if there be a condition attached either to the express or implied promise, the creditor must accept the promise with its accompanying condition, or not at all. The statutes of this state and those of Iowa do not differ materially as to what is necessary to revive the debt. Our statute requires a promise to pay the debt or “ an acknowledgment ” in writing, while the Iowa statute requires a like promise or an “ admission ” of it. The words are synonymous, and such being the case the decisions of our own courts are controlling as to what is necessary to revive a debt barred by the statute of limitation. The plaintiff urges in support of his views that a bare admission of the debt being sufficient, one of the letters of the defendant contains such admission in the following words: “ Be patient and I will pay you all.” This sentence is prefaced by another in the letter referred to upon the same subject, in which the defendant says: “ 1 dislike to owe any one a cent, and will not any longer than I can make the money to pay off all that I owe you and all the rest of mankind.”
It is a well settled rule of evidence that all parts of the writing should be considered in determining the meaning or intention of the writer. Applying that rule to the letter referred to, it will be readily seen that the defendant intended to limit the promise to pay upon the condition of his ability to make the money to pay his debts. In cruth, each of the letters contains an admission of a debt, a promise to pay and a condition of payment, none of which were fulfilled.
It is settled beyond dispute that the plea of the statute of limitations is a plea to the remedy, and consequently the lex fori must prevail. Parties sued in our courts may call to their aid the statute of limitation of the place of their residence within the prescribed limits. Section 390 of our Code adopts so much of the Iowa law as limits the number of years within which this action may be brought. It adopts no more. The *512 policy of our law is to exclude the influence of foreign laws upon the jurisdiction or practice of our courts — hence the time within which the action may be brought against a resident of Iowa in this state is limited to ten years, subject only to the expirations provided in section 370. The provision of limitations may be assimilated to our statute of limitations, so that in the case of a resident of Iowa it would read ten years instead of six, the exceptions of the statute as to revival to be determined by the laws of our own state. We cannot by implication give the force of law to more of the statute of another state than the express provision of our laws permit. Our state has not adopted the statute of Iowa with respect to causes which revive an action. It retains its right to determine the degree of the consideration which revives a debt barred by the statute of limitations of another state.
For the reasons stated the verdict directed for the plaintiff will be vacated and judgment directed for the defendant.