Nehrbas, J.
—To avoid the effect of the Statute of Limitations, the letter written by the defendant, March 3, 1881, is relied on. It contains a conditional promise, “I will pay you as soon as I possibly can.” .The trial judge held that, notwithstanding this conditional promise, the letter contained an absolute acknowledgment of the indebtedness, and on that alone the plaintiff was entitled to judgment. The question to be determined seems to us to be what is the effect of the letter taken as an entirety ? The intention of the writer must be gathered from the writing as a whole, and not from any portion thereof. In the light of the authorities, the letter must, in our opinion, be construed to be a promise conditioned upon the defendant’s ability to pay, and in the absence of proof, that the defendant is in the proper financial position to meet the obligation, the plaintiff cannot recover.
Thus in Wakeman v. Sherman (9 N. Y., 85), the defendant said: “The debts due Wakeman he intended paying, and would pay; that he wanted one year more of successful business to begin to pay them.” Further, “that lie would do something; he conveyed the idea that he felt under obligation to us, and that at the end of one year, if successful he would commence paying these two debts. He felt in honor bound to pay those two debts, and would pay them.” This was held to be a special promise to commence the payment, on the condition of another year’s successful business, and not an absolute acknowledgment of the indebtedness, inasmuch as the defendant was then able to pay, having made $40,000, the previous year according to his own admission. See Tompkins v. Brown, 1 Den., 247.
In Cocks v. Weeks (7 Hill, 45), after proof of the note for which suit had been brought, a witness testified, that he had called on the defendant and asked him when he would pay the note, the defendant replied that he would pay it as soon as he could, adding that it ought to have been paid before, and that he had mentioned to his wife to lessen his expenses with a view of meeting it. The defense was the Statute of Limitations.
The court, by Beardsley, J., say: “The promise proved by the plaintiff was conditional. The defendant said he would pay the note ‘as soon as he conveniéntly could.’ *676 This is equivalent to an engagement to pay when able * * * But an acknowledgment will sometimes authorize a jury to find a promise to pay. The acknowledgment, however, must be explicit and unconditional, and any suggestion which qualifies it, or repels the idea of a promise to pay, destroys the effect of what is said. (Citing numerous authorities.) The acknowledgment in the present case was accompanied by a conditional promise to pay, which repels the idea that the party intended to make an absolute engagement.” This case was decided before section 110 of the Code of Procedure was enacted. But the only effect of this section is to require that to be proved by writing which could before be proved by paroi. Shapley v. Abbott, 42 N. Y., 447. Section 395 of the present Code is but a re-enactment of section 110 of the former Code.
This decision clearly distinguishes the case of McCahill v. Mehrbach (37 Hun, 504), cited on plaintiff’s brief. There the acknowledgment was distinct and unqualified, and unaccompanied by any conditional promise to pay. The same is true with regard to Fiske v. Hibbard (45 N. Y. Sup. Ct. Rep., 331). In these cases the plaintiff was undoubtedly entitled to recover.
In the present case the acknowledgment of the debt was accompanied by a conditional promise to pay “ as soon as I possibly can.” An implied promise to pay will be inferred from an unqualified acknowledgment, but when an express promise is made, and that a conditional one, it cannot be ignored and a legal implication supplied in its stead.
The question is by no means free from doubt, but we think that the correct and reasonable solution of the questions involved requires us to consider the promise contained in the letter, as well as the acknowledgment, in other words, to construe the document in its entirety. Viewed in this light, we think that proof of the defendant’s present ability to pay was requisite to a recovery, and that as no attempt was made to furnish evidence in that regard, the judgment should be reversed and a new trial granted, with costs to abide the event.
McAdam, C. J., concurs.