## FRANCIS v. RYCROFT.

(Supreme Court, Appellate Division, First Department.   December 1, 1911.)

1. LIMITATION OF ACTIONS (§ 149*)—NEW PROMISE—CONDITIONS—PERFORM-ANCE.

  Where a conditional promise is relied on to avoid a plea of limitations, performance of the condition must be shown, whether the promise is made before or after the statute has run.

  [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 604–609; Dec. Dig. § 149.*]

2. LIMITATION OF ACTIONS (§ 149*)—NEW PROMISE—CONDITIONS—PERFORMANCE —"SETTLEMENT"—"SETTLE."

  A promise by a debtor to pay a debt when her father's estate is settled, if constituting an acknowledgment of the debt to avoid the defense of limitations, is conditional on the settlement of the estate, and mere proof that the debtor has received from her father's estate a sum sufficient to pay the debt, in the absence of evidence of the amount of the bequest to her, is not proof of performance of the condition, and the defense of limitations is not avoided; the word "settlement" involving a finality, and to "settle" a debt meaning to discharge it.

  [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 604–609; Dec. Dig. § 149.*

  For other definitions, see Words and Phrases, vol. 7, pp. 6446–6450.]

Appeal from Trial Term, New York County.

Action by George B. Francis, Jr., against Alice Griffith Rycroft. From a judgment for plaintiff on a verdict directed by the court, and from an order denying a new trial, defendant appeals.   Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Warren McConihe, for appellant.
Thomas W. Churchill, for respondent.

MILLER, J.   The plaintiff, the assignee of the executors of one John Rycroft, deceased, sues to recover the amount of several alleged loans, made by the said testator to the defendant between May 11, 1900, and October 3, 1900, aggregating £205, with interest.   The defendant was the daughter-in-law of the said John Rycroft, and the several sums in question were advanced in amounts varying from £5 to £60 to defray the expenses of the defendant and her daughter, who were then traveling in Europe.   The letters written to the defendant by her father-in-law tend to indicate that he intended either to give said amounts to her or to debit them to her husband.   The defendant, however, gave back receipts in each case, in which she prom-

---

ised to repay the sum advanced "at some future time," and the sub‧
sequent correspondence between the parties shows, that both treated
the advances as loans to the defendant.

The action was begun by the voluntary appearance of the defendant
on November 19, 1907. The defendant pleaded the statute of limi-
tations. To avoid that plea, the plaintiff relies upon a subsequent
written acknowledgment and promise to pay. On the 10th of March,
1902, the defendant wrote to her father-in-law, and in the course of
the letter said:

"You can rest assured of one thing: When the estate is settled, I will pay
you at once what I personally owe you. * * * Was not the least sur-
prised at your dunning letter, notwithstanding I have told you many times
I would pay you when my father's estate was settled."

And on July 2, 1903, she wrote another letter, in the course of
which she said:

"What you advanced to me personally I have always told you that I in-
tended to pay you just as soon as my father's estate is settled, which will be
very soon."

[1] Assuming, without deciding, that those statements constituted
a sufficient acknowledgment of the debt, the promise to pay was
conditional; and it is well settled that, where a conditional promise is
relied upon, performance of the condition must be shown, whether
the promise be made before or after the statute has run. Dean v.
Hewit, 5 Wend. 257; Tompkins v. Brown, 1 Denio, 247; Shoemaker
v. Benedict, 11 N. Y. 176, 62 Am. Dec. 95; Brooklyn Bank v. Barn-
aby, 197 N. Y. 210, 90 N. E. 834, 27 L. R. A. (N. S.) 843.

[2] The plaintiff rested, without attempting to prove that the fa-
ther's estate had been settled, whereupon the learned trial court cor-
rectly ruled that it was necessary for the plaintiff to prove the hap-
pening of the condition, and dismissed the complaint. The plaintiff
was then allowed to reopen the case, and to call the defendant as a
witness to prove the happening of the condition. She testified that her
father died May 19, 1900, that his estate had not been and could not
be settled, as she understood it, until the death of her brother; that
she had received from the executors some amount between $1,000 and
$2,000; that, when she made the conditional promise relied upon, she
had in mind the settlement of the estate upon the death of her brother,
who was suffering from a chronic malady, as her father-in-law knew.
It did not appear, and no attempt was made to show, under what
circumstances the father's executors had advanced money to the de-
fendant, and no attempt was made to show that there had ever been
any accounting by them or judicial settlement of their accounts. How-
ever, at the close of the entire evidence, the court directed a verdict
for the plaintiff, evidently upon the theory that the happening of the
condition was shown by proof that the defendant had received a suf-
ficient sum from her father's estate to pay the claim in suit, though
she testified that the entire amount received by her was used in the
payment of other debts of her deceased husband.

So far as the defendant is concerned, her father's estate will not be
settled until there is either a judicial settlement and a decree for dis-

tribution and the payment to her of her share, or at least until the executors, without a judicial settlement, pay her the share of the estate bequeathed to her by her father. There is nothing in this record to show the amount of the estate or the amount bequeathed to the defendant. As commonly understood, the word "settlement" involves a finality. To "settle" a debt means to discharge it. Part payment does not amount to a settlement, unless the debt is discharged. The defendant did not say that she would pay as soon as she received a sufficient sum from her father's estate, and therefore the mere proof that she had received enough to pay the amount sued for did not satisfy the condition. Doubtless the statute does not commence to run against the new promise until the happening of the condition, but the plaintiff cannot rely upon the promise to avoid the plea of the statute in a suit on the original indebtedness without proving the happening of the condition; i. e., that as to the defendant her father's estate has been settled by the payment to her of her distributive share, or of the amount bequeathed to her.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.