NEW-YORK,
Nov. 1810.

SCOUTON
v.
EISLORD.

</div>

———⊛———

## SCOUTON *against* EISLORD.

<div style="margin-note">

The debt of a person discharged under the insolvent act is due in conscience, and is a sufficient consideration for a new promise to pay the debt; but a promise to pay the debt when the insolvent should be able, without distressing his family, is a conditional promise, on which an action cannot be sustained, without showing that the defendant was able to pay without distressing his family.

</div>

IN error, on *certiorari*, from a justice's court.

*Eislord* brought an action of *assumpsit* against *Scouton*, before the justice. The plaintiff declared on a note of hand given by the defendant to the plaintiff on the 14th *April*, 1806, and for goods sold, &c. The defendant paid into court 25 cents for the goods sold, &c. and 62 cents for the costs; and as to the note, he pleaded a discharge under the insolvent act. The plaintiff then proved, that the defendant promised the plaintiff to pay him the note, " provided he could pay him without distressing his family;" and the defendant also said, in open court, that he would pay the note when he was able, without distressing his family, and added, that he would pay the plaintiff honestly. A judgment was given for the plaintiff on the note.

*Sedgwick*, for the plaintiff in error.

*Cady*, contra.

*Per Curiam.* The debt of an insolvent or bankrupt is due in conscience, notwithstanding his discharge. He may, therefore, revive the old debt by a new promise, and the old debt will be a sufficient consideration. This was so declared in the case of *Trueman* v. *Fenton,* (*Cowp.* 544.) But the question here is, whether this was any thing more than a conditional promise, and whether it was not incumbent on the plaintiff to have shown that the defendant was of sufficient ability to pay without distressing his family. It has been repeatedly held, and seems now to be a settled principle, (2 *H. Black.* 126. *Besford* v. *Saunders.* 3 *Esp. N. P. Rep.* and 159. *Cole* v. *Saxby.* 4 *Esp. N. P. Rep.* and 36. *Davies* v. *Smith.*) that a promise to pay, when able, a debt barred by the statute of limitations, or by a certificate under the bankrupt law, was not an absolute but a conditional promise, and it lay with the plaintiff to prove the defendant able. This appears, in the case before us, to have been a conditional promise ; and taking together and in connection what the defendant was proved to have said before the suit was brought, or what he is stated to have said upon the trial, he promised to pay the debt, provided only he could do it without distress. The justice ought, then, to have required proof of his ability to pay ; it would be equally illegal and unjust to compel the defendant to pay without such proof.

There being no cause of action shown as to the promise upon the note, the judgment below ought to be reversed.

<div align="center">Judgment reversed.</div>