BUSH *against* BARNARD.

THIS was an action of *assumpsit*, on two promissory notes, made by the defendant, dated at *Boylston*, in the state of *Massachusetts*, the 1st *March*, 1794, each for 20 pounds, the one payable on demand, the other in six was conditional, and that the plaintiff was bound to show that he offered, and was ready to accept, the specific articles.

*Marginal note (Irwin v. Caryell):* Where a person who is security for the defendant, in an action before a justice, is a material witness for the defendant, he ought to be discharged, and new security taken, so that the defendant may have the benefit of his testimony.

*Marginal note (Bush v. Barnard):* Where A. promised to pay a debt barred by the statute of limitations, in certain specific articles, it was held, that the promise

NEW-YORK,
October, 1811.

BUSH
v.
BARNARD.

years. The defendant pleaded the general issue, and the statute of limitations.

The cause was tried before Mr. Justice *Van Ness,* at the *Oneida* circuit, in *June* last.

The notes being proved, the plaintiff, in order to show an acknowledgment of the debt, offered to prove that a short time before the commencement of the suit, the defendant, in conversation with the plaintiff, in relation to an adjustment or compromise of the plaintiff's demand, offered to pay him the amount of the note in specific articles. But it appearing that the witness offered had heard nothing between the parties, except what passed in a *treaty for a compromise,* the judge, on the objection of the defendant's counsel, rejected the testimony, and the plaintiff submitted to a nonsuit.

A motion was made to set aside the nonsuit, and for a new trial.

*Lynch,* for the plaintiff.

*Gold,* contra.

*Per Curiam.* The promise which was offered to be proved was a conditional promise ; and the plaintiff was bound to show that he had offered, and was ready to accept, the specific articles. In the case of *Davis* v. *Smith,* (4 *Esp. N. P. Cases,* 36.) it was ruled that a promise to pay a debt, barred by the statute of limitations, *when able,* was a conditional promise, and the plaintiff was bound to show that the defendant was of sufficient ability to pay the debt. This case comes within the principle of that decision, and the court deny the motion on that ground, without touching the point raised at the trial.

Motion denied.