## GOODWIN & a. *vs.* STARK.

A debtor, having been arrested on execution, gave a bond (as allowed by statute,) with sureties, to take the poor debtor's oath or to surrender himself within one year. Having subsequently, and within the year, obtained his discharge under the provisions of the U. S. bankrupt act of 1841, he did not comply with either condition of the bond.—*Held*, that the sureties on the bond were not discharged by the debtor's discharge in bankruptcy.

DEBT upon bond, submitted to the determination of the court upon the following statement of facts.

At the August term of the court of common pleas, 1841, the plaintiffs recovered judgment against Henry C. Gillis for the sum of $29.91 debt, and costs taxed at $6.24. On the 31st day of January, 1842, Gillis being then under arrest on the execution issued on the judgment, with the defendant and Paul Cragin, jr.

Goodwin *v.* Stark.

as his sureties, entered into the bond declared upon to the plaintiffs, in the penal sum of $75.02, with a condition in the form prescribed by the statute, to take the poor debtor's oath or surrender himself within one year. After the date of the bond, Gillis filed his petition to be declared a bankrupt, and was duly decreed a bankrupt in the district court. On the 18th of August, 1842, upon his petition for that purpose, he was duly discharged from all his debts due at the time of filing his petition to be declared bankrupt. He did not take the poor debtor's oath, nor surrender himself within the year from the date of the bond.

If the court shall be of opinion that, under these circumstances, the sureties in the bond are discharged, judgment is to be rendered for the defendant for costs; otherwise for the plaintiffs for one half the penalty of the bond, interest as prescribed by law, and costs.

*G. W. Morrison,* for the plaintiff. The discharge in bankruptcy did not operate to discharge the principal from the performance of the condition of the bond; or, if it be held that he was discharged thereby, the sureties are not discharged. The 5th section of the bankrupt act mentions, among other liabilities, that of bail. See *Cowp.* 525, *Taylor* vs. *Mills.* Nothing will discharge the sureties on a bond but a compliance with its conditions; even after a payment of the original debt, the sureties will be liable for nominal damages.

*S. D. Bell,* for the defendant. The two conditions expressed in the bond sued on are not all those implied by law. The sureties would be equally discharged by other circumstances, such as the death of the debtor, the payment of the debt, or the release of the judgment. Whatever discharges the principal debtor from his obligation on the contract, discharges the sureties. Is, then, the principal debtor discharged from his debt? That is the question in this case, as we suppose. The defendant was a surety, not for the debt, but only that the debtor should do certain incidental things. Whatever, then, terminates the rights of the parties, as between themselves, necessarily terminates the liability of

the sureties. An express provision in the 4th section preserves the liability of sureties, &c. for the same debt from which the bankrupt is to be discharged.

The bankrupt was not discharged from this obligation by the direct operation of the law; but he is discharged incidentally, viz., by his discharge in bankruptcy, as he would be by payment.

What should the sureties do in order to save themselves harmless? They cannot prove a contingent claim like this against the bankrupt's estate. The 5th section makes provision for debts not payable until a future day, and for contingent debts. The case of a claim by bail is mentioned, but it does not mean such a claim as this, where it is wholly contingent whether or not there will ever be such a claim. For instance; a party whose land had been attached, could not come in and prove a claim against the estate on the bankrupt's covenant against such attachments. A party must have a demand in order to come in. The bankrupt's sureties on this poor debtor's bond had no demand, not even an uncertain or contingent one.

PARKER, C. J. The plaintiffs having obtained judgment against Gillis, caused him to be arrested on the 31st of January, 1842, and thereupon he, with the defendant and Cragin, executed the bond upon which this suit is founded, the condition of which is, that Gillis should take the poor debtor's oath within one year from the date, or surrender himself at the jail at the expiration of that time, so that he could be arrested. Gillis did not comply with either branch of the condition, and the bond is, therefore, forfeited according to the terms of it. But, after the bond was executed, Gillis filed a petition in bankruptcy, and within the year obtained his discharge as a bankrupt; and the question is, whether the sureties can defend against the alleged breach of the condition, upon the ground that the discharge in bankruptcy discharges the obligation of the bond.

It may admit of question whether Gillis himself is discharged by his certificate in bankruptcy from the obligation of this bond. The bond itself is not a debt, but is an obligation with a penalty for the performance of one of two acts. It is intended, in some

measure, for the security of the debt upon which the principal was arrested, and is so far dependent upon the existence of the debt, that the extinguishment of the debt by payment, if it did not discharge the bond, would furnish good cause for a stay of all proceedings upon it. Perhaps it is not quite clear that payment even would operate as a technical discharge of its obligation. But the discharge in bankruptcy is not payment, nor is the debt entirely extinguished by it as by a payment. It would still form a good consideration for a new promise. *Cowp.* 544, *Trueman* vs. *Fenton ;* 2 *H. Black.* 116, *Besford* vs. *Saunders ;* 4 *Camp.* 205, *Penn* vs. *Bennet ;* 8 *Mass.* 127, *Maxim* vs. *Morse ;* 7 *Johns.* 36, *Scouton* vs. *Eislord ;* 1 *Cowen* 249, *Erwin* vs. *Saunders ;* 14 *Johns.* 178, *Shippey* vs. *Henderson.*

It is not necessary, however, to decide whether the plaintiffs had a right to require a performance of the condition, as against Gillis, after he had procured his discharge and certificate. It is sufficient, for the purposes of this case, that the sureties cannot avail themselves of the discharge in bar of their obligation. In *Donnelly* vs. *Dunn,* 1 *B. & P.* 450, the court held that bail could not plead the bankruptcy and certificate of their principal in their own discharge. Lord *Eldon,* C. J. said, the plea of bankruptcy is given to the bankrupt to be made use of as the means of discharging himself, if he so please. But there may be many cases in which the bankrupt may not choose to make use of his certificate. If he has been guilty of fraud, he may be fearful of bringing it forward, &c. He added that the court did not mean to preclude any application for summary relief on the part of the bail, but that the opinion of the court was that on that record judgment must be given for the plaintiff. See, also, 1 *B. & P.* 450, *(note b,) Beddome* vs. *Holbrooke.*

In this case, the defendant has not pleaded the discharge of the principal ; but the case comes before us upon a statement of facts, in which the parties agree that, if the court shall be of opinion that the sureties are discharged, judgment is to be rendered for the defendant ; otherwise for the plaintiff for his costs. If bail would not be discharged by the discharge in bankruptcy of the principal, *a fortiori,* the sureties in a bond like the present

cannot be so, where a judgment has been rendered, the debtor arrested upon the execution, and security taken, not merely for his appearance to answer to an action, but that he shall take the poor debtor's oath, or surrender himself at the jail at a certain time.

We are not entirely satisfied at the present time that we could have stayed proceedings in this suit upon an application for that purpose. In the 4th section of the act it is " provided that no discharge of any bankrupt under this act shall release or discharge any person who may be liable for the same debt as a partner, joint contractor, indorser, surety or otherwise, for or with the bankrupt." The defendant is not precisely within the proviso. He is not surety for the debt. How far he is entitled to stand in a better situation than a surety for the debt, we need not now consider.

*Judgment for the plaintiff.*