## HARMAN SHERMAN *v.* CHARLES HOBART & TRUSTEE.

### *Bankruptcy—New promise—Condition precedent.*

Where the plaintiff relied upon a new promise to avoid a plea of bankruptcy, and the evidence showed a promise to pay when the defendant was of sufficient ability, *it was held*, that his being of sufficient ability to pay is a condition precedent; and that the promise can be of no avail until the condition is complied with.

ASSUMPSIT. In this case the plaintiff relied upon a new promise to avoid the defendant's plea in bankruptcy. The case was referred under a rule of court, and the referee found and reported the following facts:

That the defendant was duly discharged under the bankrupt law of the United States, in May, 1843; and that the defendant after said discharge made a conditional promise to the plaintiff, to pay the demand in suit, when he, the defendant, should become of sufficient ability to do so. That the defendant was poor at the time of making said promise, and that he was not of sufficient ability to pay after making said promise, at any time before the commencement of this suit.

The county court accepted the report, and rendered judgment for the defendant on the same.

Exceptions by plaintiff.

*S. S. Brown* for plaintiff.

*Smalley & White* for defendant.

The opinion of the court was delivered by

BENNETT, J. The plaintiff in this case relied upon a new promise to avoid a plea of bankruptcy; and the evidence showed a promise to pay when the defendant was of sufficient ability. The referee finds that the defendant was poor at the time he made the promise, and was not of sufficient ability, from that time up to the commencement of the suit. The promise being conditional, it most clearly can be of no avail until the condition is complied with. His being of sufficient ability to pay is a condition precedent.

We see no objection to any of the decisions of the referee in regard to the admission of evidence, or as to its effect.

The judgment of the county court is affirmed.