DAVID C. WILSON, Appellant, v. WILLIAM B. GOULD
and others, Respondents.

*When the right to sue for goods sold is merged in a subsequent agreement—agreement to prove a fact to the satisfaction of a person named—what proof is required to justify a recovery upon it.*

The plaintiff having applied for a discharge in bankruptcy, entered into a composition with his creditors by which he paid fifty-five per cent. of his debts, and procured a discharge. In negotiating with the defendants, to whom he was then indebted, he asserted a claim for certain zinc of the value of $132.07, which he claimed to have sold to them, which claim they disputed. It was finally agreed that this claim should be withdrawn from the compromise, the defendants stipulating that in case the plaintiff proved to the satisfaction of Mr. Gould's sons that the zinc was received by them, they would pay to him fifty-five per cent. of the $132.07.

This action was brought to recover for goods, wares, &c., consisting of the said zinc, claimed to have been sold by the plaintiff to the defendants.

*Held,* that the action should in any event have been brought upon the agreement, and not for the goods sold.

That to recover upon the agreement the plaintiff should have shown that they had proved the delivery of the zinc to the satisfaction of Mr. Gould's sons, or at least that they had produced evidence which should have been satisfactory to them, and that, not having done so, they could not recover.

Appeal from a judgment dismissing the complaint, entered upon an order made at a Circuit, and also from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*Hall & Blandy,* for the appellant.

*Theodore F. Miller,* for the respondents.

Daniels, J. :

By the complaint in this action the plaintiff stated his cause of action to be for goods, wares, &c., consisting of two and a half cases of zinc, sold to the defendants for the price and value of $132.07, and that no part of the price has been paid. The defendants by their answer relied as a defense upon the fact that a composition or compromise had taken place between themselves and the plaintiff, under section 5103 of the United States Revised Statutes ; and that in such composition the demand in suit had been settled and adjusted. It appeared by the evidence in the case that the plaintiff was an applicant for the benefit of the bankrupt law of the United States, and that pending his proceedings this compromise or composition was made between himself and his creditors. The defendants in this case were creditors of the plaintiff at that time, growing out of mutual dealings had between them and him. In the negotiations made for the purpose of effecting the compromise, the plaintiff asserted a claim against the defendants for the price and value of this zinc. The defendants disputed the claim, alleging that they had received no such zinc. It was then arranged substantially between them that the composition should be made and should take effect upon all the demands existing between the parties with the exception of the claim made on account of this zinc ; and it was stipulated by the defendants that in case the plaintiff "proves

to the satisfaction of Mr. Gould's sons that the zinc, as per bill, was received by them from him, they agree to pay him $72, being fifty-five per cent. on $132.07, as received from him." This instrument was signed by the defendants, and it was claimed on behalf of the plaintiff that it was such a promise of payment by them as would support an action for the recovery of the amount mentioned. It appears by the transaction, as it was shown in evidence upon the trial, that a complete settlement took place between the plaintiff and the defendants, and that the plaintiff paid them fifty-five per cent. upon the balance found due to them on the basis of that settlement. The agreement, therefore, was not to pay a debt which might have been created by the sale of the zinc, but to pay back to the plaintiff the excess of the moneys received by them, in case it should turn out to the satisfaction of the defendants that they were indebted for the price of this zinc. In this respect the case materially differed from that of *Dusenbury* v. *Hoyt*. (53 N. Y., 521.) There the action was to recover upon the original indebtedness by reason of the fact that the discharge in bankruptcy had been practically superseded by a new promise to pay the debt, while here it is not in fact to recover upon the account for goods sold, although that is the form given to the case by the complaint. The transaction, as it was consummated between the parties, justified no such claim. It resulted substantially in an agreement on the part of the defendants, if they were liable to pay anything, to pay back the money which they had received from the plaintiff upon the supposition that this claim did not exist, and which they would not have been entitled to if its existence had been conceded or established at that time. The action was very much like one for money paid by mistake, as it was claimed to have been received by the defendants without any consideration entitling them to demand it from the plaintiff. For that reason the action should not have been in form upon the bill. It should have been, as was held by the learned judge at the circuit, upon the agreement entered into by the defendants.

But, irrespective of the form of the action, the plaintiff established no case entitling him to recover under the terms of this instrument. It was not an agreement to pay in case the plaintiff

should establish, as a matter of fact, that the zinc had been received as charged in the bill; but the agreement was specific and conditional in its character, that they should pay only when the plaintiff proved to their satisfaction that the zinc had been received by them. This he did not do. That was conceded in the course of his evidence upon the trial, for he testified that they had not, so far, been satisfied; and it did not appear that any effort had been made on his part to satisfy them of the justice or accuracy of this claim, neither was there any proposal in the proof offered by the plaintiff in the case to establish the fact that he had endeavored to satisfy the defendants of the correctness of his account for the sale of this zinc. He did propose to give further evidence of the delivery of the zinc, but none for the purpose of showing that he had either satisfied or endeavored to satisfy the defendants that his bill was correct. In that respect the evidence and offers in the case were radically defective, and not of such a nature as would entitle him to recover, even if the complaint had been in form upon the contract. As the agreement entered into by the defendants was conditional in its character, before a recovery could be had by the plaintiff, it was incumbent upon him to establish the fact that this condition had been performed, or, at least, that he had gone so far in the way of its performance as to produce evidence which should have been satisfactory to the defendants that the zinc had been delivered. That was not shown to have been done, and no effort was made in the case to prove the fact to be otherwise. In order to justify a recovery upon an instrument of this character, the party claiming under it must show specifically the performance of the condition upon which it has been made to depend. (*Bush* v. *Barnard*, 8 Johns., 407; *Wakeman* v. *Sherman*, 5 Seld., 85; *Draper* v. *Jones*, 11 Barb., 263; *Butler* v. *Tucker*, 24 Wend., 447.) The last case is very much in point. There the plaintiff had undertaken to perform his part of a building contract to the satisfaction of a building committee, and in his action upon the contract, it was held that the declaration was insufficient on account of his omission to aver that the work and material proved to be satisfactory to the defendant. Upon that subject it was said that the plaintiff not only agreed to furnish and

deliver granite of a particular quality and description, and to execute the work in a satisfactory manner, but also stipulated that the work should be done to the entire satisfaction of the building committee. He is bound by this contract; it is not enough for him to show that he has performed the contract in other respects, without also alleging that he has done it to the satisfaction of the arbiters agreed upon between the parties. (Id., 449.)

In both respects the plaintiff failed to maintain his action. He failed to bring suit upon the agreement, and to establish the fact that the condition upon which it depended had been performed.

For these reasons the case was properly dismissed at the circuit, and the judgment should be affirmed.

Brady and Barrett, JJ., concurred.

Judgment affirmed.