MARY ELIZABETH TOMPKINS, Respondent, *v.* BYRON E. HAZEN, Appellant.

*Action to enforce a debt discharged in bankruptcy — what evidence of a new promise is sufficient — waiver of a condition attached to such promise.*

In an action brought to enforce a debt, which had been discharged in bankruptcy proceedings, the plaintiff testified that after such discharge the defendant said, "when the city of New York paid him for his property here he would surprise me and settle with me the whole amount," of this obligation, and also, "if you will only wait, hold on a little longer until the New York folks pays* me, then I will pay you."

Subsequently to the making of this promise, the defendant made five different payments in money and gave to the plaintiff two checks, and afterwards sent an order, authorizing the plaintiff to trade at a store to a certain amount, accompanied by a letter which stated, "This will help you a small amount till I can do better," and afterwards a second like order accompanied by a letter stating, "Please keep account of what I have paid you."

*Held*, that as, in all the payments made subsequent to the promise, nothing was said with reference to any condition, the jury was authorized to find a waiver of any condition by the defendant and an intention on his part to pay the debt.

GOODRICH, P. J., dissented.

APPEAL by the defendant, Byron E. Hazen, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Putnam on the 15th day of November, 1897, upon the verdict of a jury, and also from an order denying the defendant's motion for a new trial made upon the minutes.

The action was brought upon a promissory note made and delivered by the defendant to the plaintiff on the 2d day of May, 1867, by which he promised to pay the plaintiff one day after date the sum of $400 with interest at seven per cent. The answer alleged that the defendant was duly discharged in bankruptcy on the 18th day of August, 1872, from all his debts which existed on the 30th day of December, 1868, and further alleged that the cause of action stated in the complaint did not accrue within six years of the commencement of the action.

*William P. Fiero*, for the appellant.

*Frederic S. Barnum*, for the respondent.

HATCH, J.:

In the case of *Dusenbury* v. *Hoyt* (53 N. Y. 521) it was settled that while the legal obligation to pay a debt was extinguished by a

---

* *Sic.*

discharge in bankruptcy, the moral obligation to pay remained, and that this obligation, when united with a subsequent promise to pay the debt, gave a right of action. It was also held in that case that a plea upon the original debt was a good plea, and that no reply was needed in order to prove the new promise in avoidance of a plea setting up the discharge in bankruptcy. This has been the established rule since. (*Argall* v. *Jacobs*, 21 Hun, 114; *Graham* v. *O'Hern*, 24 id. 221.) The promise which will revive the debt must express a clear intention to pay the same. Partial payment will not of itself answer for this purpose. In this respect the rule is different from that applied to a debt barred by the Statute of Limitations, where, by reason of a payment in part, is raised the implication of a promise to pay the residue. (*Lawrence* v. *Harrington*, 122 N. Y. 408.) An indorsement of payment made by the debtor upon the obligation has been held insufficient to revive a debt discharged in bankruptcy. (*Merriam* v. *Bayley*, 1 Cush. 77.) The payments in the present case were sufficient to avoid a plea of the Statute of Limitations, and the debt as to such statute was kept alive. The evidence to support a promise is found in the testimony of the plaintiff, in letters which were written by the defendant, and in the payments which were made. The plaintiff testified that the defendant said " when the city of New York paid him for his property here he would surprise me and settle with me the whole amount. Q. The whole amount of this obligation? A. Yes, sir." Upon cross-examination she testified he said " if you will only wait, hold on a little longer until the New York folks pays* me, then I will pay you." This evidence was sufficient to establish an express promise to pay the debt, but it was coupled with a condition, and before an action could be successfully maintained it would be necessary to establish, as a condition precedent, that the contingency upon which the promise was founded had happened. (*Sherman* v. *Hobart*, 26 Vt. 60; *Wakeman* v. *Sherman*, 9 N. Y. 85.)

It appears, however, that subsequent to the making of this promise the defendant made five different payments in money upon the note, and gave to the plaintiff two checks of ten dollars each. In addition to this, and upon February 1, 1889, he sent an order of fifteen dollars to the plaintiff, to trade out at the store of E. J. Wilson. On

* *Sic.*

March 14, 1890, he sent another order of ten dollars upon the same store. In the letter which accompanied the first order he states " this will help you a small amount till I can do better." In the second letter he says : " Please keep account of what I have paid you. I * * * hope that you may yet have better health, and now and then get a share of what is due to you from me." This testimony coupled with defendant's oral declarations clearly authorized the jury to find a recognition of the debt, an intention to pay it and a promise so to do. This is clearly sufficient if the promise be treated as unconditional. (*Allen* v. *Ferguson*, 18 Wall. 1.) In all of the payments which were made subsequent to the making of the promise to pay, nothing was said in reference to any condition, and the same is true of the statements contained in his letters. The promise was made about 1885, the letters were written in 1889 and 1890, respectively, and the payments continued to be made down to May 3, 1896. We think that these acts of payment and his written declarations, without any reference to a condition under which he should pay, are inconsistent with an intention upon his part to insist upon the condition which he had previously imposed. Upon the evidence the jury were authorized to find that the defendant waived any condition which he had imposed, and intended in any event to pay the debt. It is true that the court viewed the conditional promise as sufficient upon which to found a verdict, even though the contingency had not been shown to have happened. But the defendant presents nothing to us from which he may take advantage by this view. His motion for a nonsuit was based upon the ground that the plaintiff had failed to prove a new promise, as required by law, or facts sufficient to charge the defendant with liability. This motion was properly denied for the reason that if the plaintiff was to be believed, an express promise to pay was proved. And if the motion can be treated as raising the question that the happening of the condition was not established (an assumption which we deny), yet the jury were authorized to find a waiver of such condition from the subsequent acts of the defendant and his declarations. When the court suggested that the promise was sufficient without reference to the condition, counsel made no suggestion that a recovery could not be had without proof of the happening of the condition, but contented himself with taking an exception to the denial of his

motion. At the close of the whole case the defendant simply made a motion to direct a verdict for the defendant, without adding any new grounds; and he acquiesced in the submission of the case to the jury upon the view of the court, as he took no exception to the charge, and made no requests to charge upon this subject. It must be assumed, therefore, that the defendant's sole contention rested upon the ground that no express promise to pay was established or could be found. In this respect the testimony clearly authorized the verdict. If, however, the other question, of failure to establish the happening of the condition had been raised, it cannot avail the defendant, as the jury were authorized to say that the defendant waived such condition.

The judgment should be affirmed.

All concurred, except Goodrich, P. J., who read for reversal, and Cullen, J., absent.

Goodrich, P. J. (dissenting):

I dissent from the prevailing opinion of Mr. Justice Hatch, as I do not find evidence sufficient to predicate a waiver of the condition attached to the defendant's promise. The condition was that when "the New York folks pays* me, then I will pay you."

In *Lawrence* v. *Harrington* (122 N. Y. 408, 414) the court cited with approval the opinion of the court in *Allen* v. *Ferguson* (18 Wall. 1): "'Nothing is sufficient to revive a discharged debt unless the jury are authorized by it to say that there is an expression by the debtor of a clear intention to bind himself to the payment of the debt.'"

Payments on account of a lapsed debt are not sufficient to revive a debt discharged in bankruptcy. (*Merriam* v. *Bayley*, 1 Cush. 77.)

I think there is a clear principle established by the authorities to hold strictly that there must be an express promise to pay a debt discharged by bankruptcy without any attached condition.

I think that the evidence to establish a waiver of this condition must be equally strong with evidence to establish the original promise, and that there is no evidence of any waiver except the fact of payments, which would not be sufficient to establish a promise to pay a debt discharged by bankruptcy.

Judgment and order affirmed, with costs.

---

*Sic.