EMANUEL STURMAN and Others, Plaintiffs, *v.* LOMOR REALTY Co., INC., and Others, Defendants.

Supreme Court, Monroe County, July 3, 1933.

*Gano & Berger*, for the plaintiffs.

*Ira H. Morris*, for the defendant Esther Morris.

TAYLOR, MARSH N., J. The complaint alleges, and the answer admits, that on February 1, 1927, the bond upon which this action is founded and which is secured by a mortgage on real property, was given by Lomor Realty Co., Inc., to William Kirshbaum and by him assigned to plaintiffs. At the time of the assignment, Philip Morris and others, as an inducement to plaintiffs to purchase said bond and mortgage, guaranteed the payment thereof; Philip Morris died testate on February 12, 1927, leaving a substantial estate which passed to the defendant Esther Morris under the terms of his will. In this action to recover on the bond the answer of the said defendant Esther Morris alleges that said bond and mortgage are usurious and void.

By statute the defendant Lomor Realty Co., Inc., is barred from interposing the defense of usury (Gen. Business Law, § 374), and it is settled law that the guarantor of a corporate obligation may not interpose the defense of usury when sued upon his guaranty (*Rosa* v. *Butterfield*, 33 N. Y. 665; *Smith* v. *Alvord*, 63 Barb. 415; *Salvin* v. *Myles Realty Co.*, 227 N. Y. 51); hence, the defense of usury presents no triable issue.

As a further defense, said answer alleges that plaintiffs, on February 25, 1932, for a valuable consideration and without the knowledge or consent of the said defendant Esther Morris, extended the time of payment of the principal sum due on the bond and mortgage. In support of this contention, the defendant Esther Morris shows, by affidavit, that the mortgaged premises were conveyed by the mortgagor to one Emily Cheshire, subject to the mortgage and subject also to two prior mortgages, none of which was assumed by her; that the unpaid balance of principal on plaintiffs' bond and mortgage became due on February 1, 1927; that on February 25, 1927, plaintiffs agreed to extend the time for payment of said unpaid balance until such time as said Emily Cheshire was able to pay, provided said Emily Cheshire would pay both the interest on said mortgage and also the interest and an installment of principal then due on the second mortgage; that said Emily Cheshire thereupon made the required payments.

While plaintiffs' affidavit denies that such an agreement was made, an issue is presented which necessitates a trial thereof; the payment of principal and interest on the second mortgage which said Emily Cheshire was not personally obligated to pay was a sufficient consideration for plaintiffs' agreement to extend the time for payment of the principal sum due on plaintiffs' bond and mortgage. (*Murray* v. *Marshall*, 94 N. Y. 611.)

The agreement between plaintiffs and said Emily Cheshire may have extended the time of payment until it could be established

that said Emily Cheshire was able to pay. (*Tebo* v. *Robinson,* 100 N. Y. 27, revg. on other grounds, 29 Hun, 243; *Scouton* v. *Eislord,* 7 Johns. 36; *Bush* v. *Barnard,* 8 id. 407; *Work* v. *Beach,* 53 Hun, 7.) Without doubt the agreement extended the time until a reasonable time after demand for payment. The effect of such an agreement would be to deprive the said defendant Esther Morris of her right as surety to pay the debt and have an immediate right of action on the bond, against the principal debtor, Lomor Realty Co., Inc., and an immediate right of action for a foreclosure of the mortgage lien on the property conveyed to Emily Cheshire.

The obligation of a surety is *strictissimi juris* and any alteration of the contract to which the guaranty applied and any extension of time given the principal debtors releases and discharges the surety from the obligation. (*Ducker* v. *Rapp,* 67 N. Y. 464; *Antisdale* v. *Williamson,* 165 id. 372, 375; *Place* v. *McIlvain,* 38 id. 96; *Adler* v. *Berkowitz,* 229 App. Div. 245.)

The motion is denied, with ten dollars costs to the defendant Esther Morris to abide the event.

An order in accordance herewith may be presented for signature by the attorney for the defendant.