**KLIAGUINE v. JEROME.**

Civ. No. 8307.

United States District Court
E. D. New York.
Dec. 5, 1949.

630

Sol S. Zuckerman, New York City, for plaintiff.

Spence, Hotchkiss, Parker & Duryee, New York City, James H. Halpin, New York City, Robert J. Glasser, Bethpage, L. I., of counsel, for defendant.

GALSTON, District Judge.

This is a motion by the defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for summary judgment dismissing the complaint on the ground that the action is barred by the Statute of Limitations of the State of New York.

The complaint bases jurisdiction of this court on diversity of citizenship. It alleges the execution in this district of a demand promissory note in the amount of $20,000 by the defendant on July 7, 1941, and failure to pay any part of said note. The answer admits the making and delivering of the note. In other respects it is a general denial. In addition, the answer sets up several affirmative defenses, including (1) an allegation that the money in question was advanced to the defendant, not as a loan, but as advancements in a joint venture entered into by the parties, and (2) the statute of limitations. The complaint was filed and the summons issued to the Marshal for service on June 26, 1947. The summons and complaint were not served, however, until June 9, 1948.

Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231 applied the principal of Erie R. Co. v. Tompkins, 1938,

304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 to statutes of limitations, and held that where jurisdiction is based solely upon diversity of citizenship of the parties, a recovery cannot be had in a federal court if a state statute of limitations would have barred recovery had the suit been brought in a court of the State. So we must look to New York for the law of the case.

Under the Civil Practice Act of New York, an action is commenced by the service of a summons. Sec. 16, C.P.A. Sec. 48, of the Civil Practice Act, provides that an action upon a contract obligation or liability must be commenced within six years after the cause of action has accrued.

The parties are in agreement that, by virtue of the decision in Ragan v. Merchants Transfer & Warehouse Co., 1949, 337 U.S. 530, 69 S.Ct. 1233, the plaintiff's claim was barred under Civil Practice Act, Sec. 48, since the service of a summons on the defendant was made more than six years after the date of execution of the note, unless a letter written by the defendant to the plaintiff, dated October 26, 1943, constituted an acknowledgment sufficient to continue the obligation under Sec. 59 of the New York Civil Practice Act. Sec. 59 provides: "An acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take a case out of the operation of the * * * (statute of limitations)."

The highest state court is the final authority on state law. Erie R. Co. v. Tompkins, supra, 304 U.S. 78, 58 S.Ct. 822; Fidelity Union Trust Co. v. Field, 1940, 311 U.S. 169, 177, 61 S.Ct. 176, 85 L.Ed. 109; In Wakeman v. Sherman, 9 N.Y. 85, in construing Civil Practice Act, Sec. 59 (then Code of Civil Procedure, Sec. 395), the Court of Appeals of New York stated, 9 N.Y. at page 91, " * * * that to revive a demand thus barred (by the statute of limitations), there must be an express promise to pay, either absolute or conditional, or an acknowledgment of the debt as subsisting, made under such circumstances that such a promise may be fairly implied."

In Manchester v. Braedner, 107 N.Y. 346, at page 349, 14 N.E. 405, 406, Am.St. Rep. 826, the test was laid down in the following words: "It seems to be the general doctrine that the writing, in order to constitute an acknowledgment, must recognize an existing debt, and that it should contain nothing inconsistent with an intention on the part of the debtor to pay it."

The pertinent part of the letter of October 26, 1943 is paragraph two, which reads: "As you know, I would like to start returning to you the money that is due you for the development and production of the film plotting tables. We recently made two shipments and have received payment in the amount of $5,728.50. I purposely put this money aside in an entirely separate bank account and intended to keep on depositing money realized from future sales of the film tables in this separate account so that when all the tables would be sold, the amount of your investment would be on deposit in the bank."

The first sentence of this paragraph certainly acknowledges that there is money presently due the plaintiff, though there is no reference to any specific transaction or to a debt as such. However, the plaintiff in his supplemental affidavit of November 16, 1949, states that there were no transactions between him and the defendant subsequent to that evidenced by the note in suit, and that "said note represents the only obligation due me from the defendant from that time on." The defendant has not presented anything in his moving papers to the contrary. Consequently, for the purposes of this motion, the transaction referred to in the letter must be regarded as the transaction in issue. "I would like to start returning to you the money that is due you * * *" would seem to be a clear acknowledgment of a debt.

The defendant's position is that the letter shows the plaintiff's status is that of an investor, and is not an acknowledgment that money is due from defendant to plaintiff on the note in suit. Whether the plaintiff advanced the money as an investment or as a loan is an issue of fact raised by the pleadings. Since the defendant does not concede there is an indebtedness owing

to the plaintiff the trial should determine that issue. On the papers presented it cannot be resolved on a motion for summary judgment.

The defendant argues though that the third sentence of the quoted paragraph of the letter indicates at best a conditional promise to pay. On the other hand, this sentence might also reasonably be interpreted as stating one mode of paying the money rather than the sole method; or, again, as an expression of good faith on the defendant's part to support his desire to return the money due as stated in the preceding part of the letter—note that the money is said to be due "for the development and production of the film plotting tables," and not from the sale thereof. Therefore the most likely and reasonable interpretation must also wait upon proof at the trial.

Moreover, the fact that a promise to pay is a conditional one does not of itself make the promise bad within the meaning of Sec. 59 of the New York Civil Practice Act. In Wakeman v. Sherman, supra, the court, as already indicated, enunciated the rule of what constitutes a promise or acknowledgment reviving or continuing a debt barred by the statute of limitations, as including a conditional promise. There the judgment for the plaintiff was reversed on the ground that there was no evidence given or offered at the trial to prove fulfillment of the condition upon which the promise by the defendant was made contingent. Likewise, in Tebo v. Robinson, 1885, 100 N.Y. 27, 2 N.E. 383, it was held that where a debtor promised to pay a debt "the moment he was able" and the defense was the statute of limitations, it was error to nonsuit the plaintiff, and that it was a question of fact for the jury as to when the defendant became able to pay.

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of a summary judgment: "* * * if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that (except as to the amount of damages) there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law."

Since there is a substantial dispute as to material facts it cannot be said that the only issue is one of law. McElwain v. Wickwire Spencer Steel Co., 2 Cir., 1942, 126 F.2d 210.

In view of the foregoing, therefore, the defendant's motion for summary judgment should be denied. Settle order on notice.