Van Voobhis, J.
(concurring). In order to extend the Statute of Limitations by an “ acknowledgment or promise contained in a writing signed by the party to be charged ”, pursuant to section 59 of the Civil Practice Act, such a paper must import a promise to pay. Such a promise is implicit in an “ acknowledgment ” of the indebtedness (Wakeman v. Sherman, 9 N. Y. 85; Manchester v. Braedner, 107 N. Y. 346; Connecticut Trust & Safe Deposit Co. v. Wead, 172 N. Y. 497; Matter of Povill, 105 P. 2d 157). Merely carrying an account payable to plaintiff on defendant’s books, would not constitute an acknowledgment or promise under section 59; neither do I consider that it becomes such, if all that is done consists, as here, in a communication — by request — to acquaint plaintiff or its auditors with the state of defendant’s books for purposes of comparison, in order to verify whether they correspond with entries in the books of plaintiff respecting the same transactions. That, it seems to me, is the substance of this interchange of correspondence between these parties. This is common practice in conducting an annual audit of accounts, and is engaged in constantly without relation to enlarging the Statute of Limitations. It is merely a matter of courtesy in commercial intercourse, and not a renewed promise to pay indebtedness. For this reason the judgment dismissing the complaint should be affirmed.
Peck, P. J., Dore and Callahan, JJ., concur with Shientag, J.; Van Voorhis, J., concurs in separate opinion.
Judgment and order unanimously affirmed, with costs.